■ SUSAN EVANS, Respondent-Appellant, v CITY OF NEW YORK et al., Appellants-Respondents. [613 NYS2d 712] —In an action to recover damages for personal injuries, the defendants appeal from (1) an order and interlocutory judgment of the Supreme Court, Kings County (Jackson, J.), dated July 15, 1992, which, after a nonjury trial, found the defendants 30% at fault in the happening of the accident, and (2) a judgment of the same court dated October 9, 1992, which, after a trial on the issue of damages, is in favor of the plaintiff and against the defendants in the principal sum of $135,000 for past pain and suffering, $7,625.40 for medical expenses and $45,000 for future pain and suffering, and the plaintiff cross-appeals from so much of the order and interlocutory judgment as found her contributorily negligent and, on the ground of inadequacy, from so much of the judgment as awarded her damages.

Ordered that the appeal from the order and interlocutory judgment is dismissed; and it is further,

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, and a new trial is granted on the issue of damages only unless, within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written

stipulation consenting to reduce the verdict as to damages for past and future pain and suffering from the sum of $600,000 to $300,000 and the net award of damages for past and future pain and suffering from the sum of $180,000 to $90,000 ($300,000 less 70% representing her share of the fault) and to the entry of an amended judgment in the principal sum of $97,625.40 ($90,000 plus $7,625.40 for medical expenses); in the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the findings of fact as to liability are affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The appeal from the order and interlocutory judgment must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order and interlocutory judgment are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The plaintiff sustained fractures of a vertebrae in her spine and of her pelvis when she fell off of the Kaiser Park pier in Brooklyn. She was trying to untangle her fishing line and was walking backward without looking when she fell. A portion of railing was missing from the side of the pier from which the plaintiff fell, and the defendants were aware, for at least a year, that this railing had been stolen. After being placed in a body cast, the plaintiff's injuries healed and she was able to walk without assistance. The trial court found that the defendants were 30% at fault in the happening of the accident because they failed to replace the missing pipe railing and that the plaintiff was 70% at fault because she walked backward without looking behind her.

The trial court properly denied the defendants' motion, made at the close of the trial on the issue of liability, to dismiss the complaint since the evidence revealed that the defendants were negligent even though the actions of the plaintiff contributed to her injuries (see, CPLR 1411). Where a case is tried without a jury, due regard must be given to the decision of the trial court which was in a position to assess the evidence and the credibility of the witnesses (see, Universal Leasing Servs. v Flushing Hae Kwan Rest., 169 AD2d 829, 830). Upon a review of the record we find that the apportionment of fault was determined upon a fair interpretation of the

evidence *(see, Universal Leasing Servs. v Flushing Hae Kwan Rest., supra).*

The damage award was excessive to the extent indicated *(see,* CPLR 5501 [c]). Sullivan, J. P., Balletta, Copertino and Santucci, JJ., concur.