■ NAOMI KORN, Respondent, v EDWARD L. LEVICK, Appellant, and STEVEN HEISSENHUBER, Respondent. [647 NYS2d 808] —In an action to recover damages for personal injuries, the defendant Edward L. Levick appeals (1) from an order of the Supreme Court, Queens County (Kitzes, J.), dated March 2, 1995, which denied his motion to (a) set aside the jury verdict finding him 100% at fault in the happening of the accident on the ground that the verdict was against the weight of the evidence and (b) reduce the verdict on damages, and (2) from a judgment of the same court, also dated March 2, 1995, which, upon a jury verdict, is in favor of the plaintiff and against the defendant Edward L. Levick in the principal sum of $3,500,000 ($500,000 for past pain and suffering, $1,000,000 for future pain and suffering, $1,500,000 for future medical expenses, and $500,000 for future lost earnings).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs and a new trial is granted upon the issue of damages only, unless within 30 days after service upon the plaintiff of a copy of this decision and order with notice of entry, the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the verdict as to damages from the sum of $3,500,000 to the sum of $1,130,000 ($350,000 for past pain and suffering, $350,000 for future pain and suffering, $0 for future lost earnings, and $430,000 for future medical expenses), and to the entry of an amended judgment in the principal sum of $1,130,000 accordingly. In the event that the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The jury's finding that the defendant Edward L. Levick was 100% at fault in the happening of the accident which caused the plaintiff's injuries is not against the weight of the evidence (see, Nicastro v Park, 113 AD2d 129, 134). Furthermore, the jury's finding that the defendant Steven Heissenhuber was

negligent, but that his negligence was not a proximate cause of the accident, is not inconsistent under the facts and circumstances of this case (see, Gross v Napoli, 216 AD2d 524; Rubin v Pecoraro, 141 AD2d 525).

The damage awards for past and future pain and suffering were excessive to the extent indicated (see, CPLR 5501 [c]; Evans v City of New York, 206 AD2d 347; Baksys v Berton, 169 AD2d 695; McLaurin v Ryder Truck Rental, 123 AD2d 671). As for the $1,500,000 award for future medical expenses, the plaintiff's medical expert only testified that the plaintiff might require future surgery, which would cost $150,000. The plaintiff's medical expert further testified that the plaintiff would incur between $3,000 and $5,000 per year for the rest of her life including costs for physical therapy, and therefore the highest sustainable amount for yearly expenses would be $280,000 (as the jury calculated the plaintiff's life expectancy to be 56 years). Any award above $430,000 for future medical expenses is speculative and therefore cannot stand (see, Sanvenero v Cleary, 225 AD2d 755; Cramer v Kuhns, 213 AD2d 131). It is further noted that any award for damages for future expenses associated with treatment by a psychologist is speculative, as there was no indication that the plaintiff was seeing a psychologist at the time of trial (see, Roman v Bronx-Lebanon Hosp. Ctr., 51 AD2d 529). Furthermore, the plaintiff failed to establish that she would suffer any future lost earnings as a result of this accident (see, Bailey v Jamaica Buses Co., 210 AD2d 192; Clanton v Agoglitta, 206 AD2d 497).

The appellant's remaining contention is without merit. Bracken, J. P., Krausman, Goldstein and Luciano, JJ., concur.