■ Ozzie Davis, Respondent, et al., Plaintiff, v City of New York, Appellant. [693 NYS2d 230] —In an action to recover damages for personal injuries, etc., the defendant, City of New York, appeals from a judgment of the Supreme Court, Kings County (Arniotes, J.), entered March 17, 1998, which, upon a jury verdict finding that the infant plaintiff Ozzie Davis had sustained damages in the sum of $1,000,000 ($450,000 for past pain and suffering, and $550,000 for future pain and suffering and loss of earning capacity), is in favor of the infant plaintiff and against it.

Ordered that the judgment is reversed, on the law, the facts, and as an exercise of discretion, with costs, the demand for damages for loss of earning capacity of the infant plaintiff Ozzie Davis is stricken, and a new trial is granted on the issue of damages for past and future pain and suffering only, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict as to damages for past pain and suffering from $450,000 to $125,000, and as to damages for future pain and suffering and loss of earning capacity from $550,000 to $150,000 ($150,000 for future pain and suffering and $0 for loss of earning capacity), and to the entry of an amended judgment in the principal sum of $275,000 accordingly; in the event that the plaintiffs so stipulate, then the judgment, as so decreased and amended, is affirmed, without costs or disbursements.

The infant plaintiff sustained lead poisoning from paint while living in an apartment owned by the defendant. At the trial, the jury found that the negligence of the defendant was the proximate cause of the infant plaintiff's injuries, which included, among other things, attention deficit hyperactivity disorder. The jury awarded the infant plaintiff $450,000 in damages for past pain and suffering, and $550,000 for future pain and suffering and loss of earning capacity.

We agree with the defendant that the plaintiffs failed to present evidence, other than speculation, that the infant plaintiff's academic and future employment opportunities would be limited as a result of his rather mild disorder. It is

axiomatic that loss of future earnings or earning capacity must be established with reasonable certainty (*see, Johnston v Colvin,* 145 AD2d 846). The plaintiffs produced no quantitative evidence as to what the infant plaintiff might have earned over the course of his lifetime in a vocational setting and presented no testimony by an economist qualified to assess work-life expectancy or employment opportunities and how such factors would be diminished due to the infant plaintiff's condition. Therefore, there was no reasonable basis for the jury to award damages for the infant plaintiff's loss of earning capacity.

However, there was sufficient evidence for the jury to award damages for future pain and suffering. There was testimony that the infant plaintiff's condition, which is characterized by hyperactivity, impulsiveness, and distractability, is generally permanent. As a result, the infant plaintiff will be required to undergo remedial instruction to advance in school and will likely have some difficulty throughout his life with personal relationships and work- and school-related pursuits.

The jury award of $1,000,000 for past and future damages however, was excessive, given the lack of severity of the infant plaintiff's condition. Generally, the amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and a motion for a new trial on the issue of damages will not be granted unless the award deviates materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Gaetan v New York City Tr. Auth.,* 213 AD2d 510).

Here, the infant plaintiff underwent treatment in the hospital for one week when he was three years old to remove excess lead from his blood. For the next seven years, until the time of trial, the only signs of disability that he exhibited were decreased attention span and increased hyperactivity, distractibility, and impulsiveness, which required that he be put in a special reading group at school. While the infant plaintiff tested in the low average range in various areas such as vocabulary development, reading, comprehension, and social judgment, his full scale and verbal IQ placed him within the average range of potential. He was also found to possess strong learning and memory skills. The infant plaintiff's expert was of the opinion that given remedial instruction, the infant plaintiff would be able to succeed and graduate from high school. Even the infant plaintiff's teacher, while characterizing him as lacking motivation and "lazy", believed, based on his performance in certain subjects such as math, that he possessed "great potential".

In view of this evidence, we find damages in the amount of $125,000 for past pain and suffering, $150,000 for future pain

and suffering, and $0 for loss of earning capacity to be appropriate. Thus, unless the plaintiffs stipulate to the entry of an amended judgment, a new trial is granted limited to the issue of damages for past and future pain and suffering. Bracken, J. P., Thompson, Sullivan and Friedmann, JJ., concur. [As amended by unpublished order entered Aug. 16, 1999.]