■ CHRISTOPHER HIRALDO et al., Respondents, v RAKEELA KHAN et al., Appellants. [699 NYS2d 456] —In an action to re-

cover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Kings County (Belen, J.), entered September 10, 1998, which, upon a jury verdict awarding the plaintiff Christopher Hiraldo $250,000 for past pain and suffering and $750,000 for future pain and suffering and awarding the plaintiff Alexandria Hiraldo $150,000 for past loss of services and $150,000 for future loss of services, is in favor of the plaintiffs and against them.

Ordered that the judgment is reversed, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, with notice of entry, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict as to the damages awarded to the plaintiff Christopher Hiraldo (a) for past pain and suffering from the sum of $250,000 to the sum of $100,000, and (b) for future pain and suffering from the sum of $750,000 to the sum of $400,000, and to decrease the verdict with respect to the damages awarded to the plaintiff Alexandria Hiraldo (a) for past loss of services from the sum of $150,000 to the sum of $5,000, and (b) for future loss of services from the sum of $150,000 to the sum of $50,000, and to the entry of an amended judgment in favor of the plaintiff Christopher Hiraldo in the principal sum of $500,000 and in favor of the plaintiff Alex Hiraldo in the principal sum of $55,000, accordingly; in the event that the plaintiffs so stipulate, then the judgment, as so decreased and amended, is affirmed, without costs or disbursements.

The infant plaintiff suffered from lead poisoning as a result of his exposure to lead-based paint during the first three years of his life while living in an apartment owned by the defendants. At trial, the plaintiffs' experts, ranging from a neuropsychologist to a neurologist, testified that the infant plaintiff suffered from a syndrome typical of children brain-damaged by exposure to high levels of lead during their critical developmental years, including hyperactivity and learning problems, and, in the infant plaintiff's case, memory difficulties as well. These injuries are permanent. Moreover, the confluence of his disabilities yield a "poor" prognosis despite his relatively average intelligence and the potential for remediation and participation in specialized programs. On appeal, the defendants challenge the jury's findings as to liability as well as the damages awarded.

Contrary to the defendants' contention, the plaintiffs

established their entitlement to a jury charge on the applicability of the lead abatement provision of the Administrative Code of the City of New York (Administrative Code of City of NY § 27-2013 [h]). That provision creates a rebuttable presumption that, in any apartment in a multiple dwelling erected in the City of New York before 1960, in which a child who is six years of age or under resides, peeling paint or similar surface-coating material comprises a hazardous lead condition (*see, Juarez v Wavecrest Mgt. Team,* 88 NY2d 628; *Randolph v St. Hill,* 258 AD2d 638).

At bar, there was ample testimony from which the jury could conclude, as required by the ordinance, that the defendants knew that a child six years of age or under resided in the subject apartment, and the verdict in favor of the plaintiffs on the issue of liability was not against the weight of the credible evidence (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 498-499).

We agree with the defendants, however, that the awards for pain and suffering and loss of services deviate materially from what would be reasonable compensation (*see,* CPLR 5501 [c]; *Davis v City of New York,* 264 AD2d 379).

The defendants' remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Joy, Florio and Luciano, JJ., concur.