■ JACQUELINE PADILLA et al., Respondents, v JOLS REALTY CORP., Appellant, et al., Defendant. [727 NYS2d 631] —In an action to recover damages for personal injuries, etc., the defendant Jols Realty Corp. appeals from a judgment of the Supreme Court, Kings County (Held, J.), dated March 2, 2000, which, upon a jury verdict, and upon an order of the same court reducing the verdict on the stipulation of the plaintiffs, is in favor of the plaintiffs and against it in the principal sums of $300,000 for past pain and suffering, $1,500,000 for future pain and suffering, $400,000 for future medical expenses, $250,000 for future psychological expenses, $55,000 for future tutoring expenses, and $1,000,000 for impairment of earning capacity.

Ordered that the judgment is modified, on the law and as an exercise of discretion, by deleting the provisions thereof awarding damages to the plaintiff Jacqueline Padilla for past and future pain and suffering, future medical expenses, and future psychological expenses, and a new trial is granted with respect to those items only; as so modified, the judgment is affirmed, with costs, unless within 30 days after service upon her of a copy of this decision and order, with notice of entry, the plaintiff

Jacqueline Padilla shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to decrease the verdict as to damages for past pain and suffering from $300,000 to $150,000, for future pain and suffering from $1,500,000 to $450,000, for future medical expenses from $400,000 to $250,000, and for future psychological expenses from $250,000 to $0, and to the entry of an amended judgment in her favor accordingly; in the event that the plaintiff Jacqueline Padilla so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

Contrary to the appellant's contention, the record fails to demonstrate that the occasional examination of the witnesses by the trial court, to which the defense counsel never objected, deprived it of a fair trial (*cf., Papa v City of New York,* 194 AD2d 527).

The record contains evidence from which a rational jury could find that the subject apartment contained a lead paint hazard, that the appellant was on notice of this condition, and that the condition caused the infant plaintiff's injuries (*see, Cohen v Hallmark Cards,* 45 NY2d 493). Moreover, the verdict in the plaintiffs' favor was not against the weight of the credible evidence (*see, Nicastro v Park,* 113 AD2d 129).

The damage awards were excessive to the extent indicated (*see,* CPLR 5501 [c]; *Hiraldo v Khan,* 267 AD2d 205).

The appellant's remaining contentions are without merit. Santucci, J. P., Goldstein, Feuerstein and Crane, JJ., concur.