■ Melissa Jackson et al., Appellants, v Persdeo Chetram et al., Respondents. [751 NYS2d 551] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), entered August 28, 2001, as, upon a jury verdict finding that they sustained damages in the amount of $3,390,000 ($1,600,000 for future loss of earnings, $500,000 for past pain and suffering, $1,125,000 for future pain and suffering, and $165,000 for future medical costs), granted those branches of the defendants' motion pursuant to CPLR 4404 (a) which were to set aside the verdict as against the weight of the evidence as to future loss of earnings and

future medical costs, and to reduce the verdict as to damages awarded for past pain and suffering and future pain and suffering as excessive to the extent of directing a new trial on these issues unless the plaintiffs stipulated to reduce the verdict as to past pain and suffering from $500,000 to $150,000, and as to future pain and suffering from $1,125,000 to $500,000, and to the entry of an amended judgment in the principal sum of $650,000.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs commenced this action to recover damages for injuries sustained by the infant plaintiff due to exposure to lead paint in a building owned by the defendants. We agree with the Supreme Court that the jury awards for past and future pain and suffering deviated materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Padilla v Jols Realty Corp.,* 284 AD2d 512; *Hiraldo v Khan,* 267 AD2d 205; *Davis v City of New York,* 264 AD2d 379).

The Supreme Court properly set aside the award for future medical costs as the evidence on which it was based was speculative and without probative value (*see Placakis v City of New York,* 289 AD2d 551). The plaintiffs' expert testified that the infant plaintiff was under an increased risk for medical complications in the future due to the lead poisoning and that she might need counseling in the future. No evidence was offered as to the actual cost of any such future medical expenditures. The expert's testimony that there were private schools, costing up to $30,000 per year, which provide a "multifaceted support program," including counseling, was insufficient to justify an award for future medical expenses in the absence of any testimony that such a program was available to the infant plaintiff and that she intended to enroll in such a program (*see Korn v Levick,* 231 AD2d 606).

The Supreme Court properly set aside the award for future loss of earnings as the calculation by the plaintiffs' expert was based on the speculative premise that the infant plaintiff would only obtain a ninth-grade education (*see Reid v County of Nassau,* 215 AD2d 466). "[O]pinion evidence must be based on facts in the record or personally known to the witness" (*Hambsch v New York City Tr. Auth.,* 63 NY2d 723, 725 [internal quotation marks omitted]). The infant plaintiff, who was in the fifth grade at the time of the trial, had never been left back a grade and had tested above her grade level in reading. The plaintiffs' own expert testified that a child who is capable of reading at his or her proper grade level is able to

graduate from high school. In the absence of evidence to support the expert's underlying assumption that the infant plaintiff would only obtain a ninth-grade education, his opinion as to future loss of earnings was of no probative value. Santucci, J.P., Feuerstein, O'Brien and Luciano, JJ., concur.