■ MARIEL GUERRERO, Respondent, et al., Plaintiffs, v DJUKO REALTY, INC., et al., Appellants. [752 NYS2d 694] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Kings County (Cutrona, J.), entered June 5, 2001, which, upon their appearance at an inquest on the issues of liability and damages, finding that the plaintiff Mariel Guerrero had sustained damages in the sums of $250,000 for past pain and suffering, $1,000,000

for future pain and suffering, $1,709,858 for future medical care and monitoring, $216,866 for future psychological counseling, $212,040 for future tutoring, and $325,299 for future occupational therapy, is in favor of the plaintiff Mariel Guerrero and against it.

Ordered that the judgment is modified, on the law, the facts, and as an exercise of discretion, by (1) deleting the provision thereof awarding damages to the plaintiff Mariel Guerrero for future psychological counseling and substituting a provision therefor dismissing that cause of action, and (2) reducing the damages awarded to the plaintiff Mariel Guerrero for past pain and suffering from $250,000 to $100,000, for future pain and suffering from $1,000,000 to $400,000, and for future medical care and monitoring from $1,709,858 to $100,000; as so modified, the judgment is affirmed, without costs or disbursements.

The infant plaintiff sustained lead poisoning as a result of her exposure to lead-based paint while living in an apartment owned by the defendant Djuko Realty, Inc., and managed by the defendant Paul Kent. Contrary to the defendants' contention, the Supreme Court properly held the defendant Paul Kent jointly and severally liable for her injuries since, as managing agent, he was in complete and exclusive control of the management and operation of the apartment building (*see Cortes v Riverbridge Realty Co.*, 227 AD2d 430, 431; *Ioannidou v Kingswood Mgt. Corp.*, 203 AD2d 248, 249).

The damage awards for past and future pain and suffering and for future medical care and monitoring were excessive to the extent indicated (*see* CPLR 5501 [c]; *Padilla v Jols Realty Corp.*, 284 AD2d 512; *Hiraldo v Khan*, 267 AD2d 205; *Korn v Levick*, 231 AD2d 606). Further, the award of damages for future psychological counseling is speculative, as there was no evidence at the inquest that the infant plaintiff was seeing a psychologist at the time of trial (id.).

The defendants' remaining contentions are without merit. Altman, J.P., Smith, H. Miller and Adams, JJ., concur.