■ AMY JACOFSKY et al., Appellants, v TRAVELERS INSURANCE COMPANY, Doing Business as TRAVELERS INSURANCE and/or TRAVCO INSURANCE COMPANY, Respondent, et al., Defendants. [773 NYS2d 446]—

In an action, inter alia, for a judgment declaring that the defendant Travelers Insurance Company, doing business as Travelers Insurance and/or Travco Insurance Company, is obligated to indemnify the defendant Kevin Hart in an underlying action entitled *Jacofsky v Hart,* pending in the Supreme Court, Nassau County, under Index No. 7655/02, the plaintiff appeals from an order of the Supreme Court, Nassau County (O'Connell, J.), entered January 13, 2003, which denied her motion for summary judgment and granted the cross motion of the defendant Travelers Insurance Company doing business as Travelers Insurance and/or Travco Insurance Company, for summary judgment.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant Travelers Insurance Company, doing business as Travelers Insurance and/or Travco Insurance Company, is not obligated to indemnify the defendant Kevin Hart in the underlying action entitled *Jacofsky v Hart,* pending in the Supreme Court, Nassau County, under Index No. 7655/02.

The defendant Travelers Insurance Company, doing business as Travelers Insurance and/or Travco Insurance Company (hereafter Travelers), insured the defendants Loraine Lazarus and Barton Lazarus under an umbrella policy with a $500,000 deductible per occurrence for automobile liability. The policy explicitly stated that to be an "insured" under the policy a "family member" of the named insured also had to be insured under one or more primary insurance policies for not less than the applicable deductible amount for an occurrence.

The plaintiff commenced this action, inter alia, for a judgment declaring that Travelers was obligated to indemnify the defendant Kevin Hart, the Lazarus' son, in an underlying action to recover damages for wrongful death and personal injury. The complaint in the underlying action alleged that Hart operated his vehicle in a careless and negligent manner by engaging an automobile in a race along Lawson Boulevard in Oceanside. As a result, the automobile collided with the vehicle driven by Glenn Jacofsky, causing the death of Glenn Jacofsky and injuring the plaintiff Amy Jacofsky.

The plaintiff moved for summary judgment in her favor, and Travelers cross-moved for summary judgment. The Supreme Court denied the motion and granted the cross motion.

Where the provisions of an insurance contract are clear and unambiguous, they must be given their plain and ordinary meaning (*see United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229, 232 [1986]). Although Hart was a "family member" of the named insured under the terms of the policy, he was not an "insured" as clearly defined in the umbrella policy because at the time of the occurrence he maintained an automobile insurance policy with liability limits below the umbrella policy's applicable deductible.

Accordingly, Travelers established its prima facie entitlement to summary judgment by demonstrating that Hart was not insured under its policy (*see generally Zuckerman v City of New York,* 49 NY2d 557, 562 [1980]). The plaintiff failed to establish her prima facie entitlement to summary judgment in support of her motion, and failed to raise a triable issue of fact in opposition to the cross motion. Therefore, the Supreme Court properly granted Travelers' cross motion for summary judgment.

Since this is a declaratory judgment action, the Supreme Court should have directed the entry of a judgment declaring that the defendant Travelers Insurance Company, doing business as Travelers Insurance and/or Travco Insurance Company, is not obligated to indemnify the defendant Kevin Hart in the underlying action entitled *Jacofsky v Hart,* pending in the Supreme Court, Nassau County, under Index No. 7655/02 (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Altman, J.P., S. Miller, Luciano and Rivera, JJ., concur.