■ CHRISTOPHER HIRALDO et al., Appellants, v ALLSTATE INSURANCE COMPANY, Respondent, et al., Defendants. [778 NYS2d 50]—

In an action pursuant to Insurance Law § 3420 (a) (2) against an insurer to recover on a judgment against the insured, the plaintiffs appeal from an order of the Supreme Court, Kings County (Douglass, J.), dated January 7, 2003, which denied their motion for summary judgment and granted the cross motion of the defendant Allstate Insurance Company for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The defendant Allstate Insurance Company (hereinafter Allstate) insured the defendants Rakeela Khan and Rampersaud Kumul (hereinafter the insureds) under a landlord policy covering the premises where the infant plaintiff resided during the first three years of his life. The infant plaintiff suffered brain damage as a result of lead poisoning, which was first diagnosed in August of 1991 when he was one year old. Subsequent to his initial diagnosis, the infant plaintiff was diagnosed with continuously elevated lead levels in his blood on seven occasions, with a final diagnosis in January 1993. The plaintiffs continued to reside at the premises through November 1993.

In the underlying tort action, the plaintiffs were awarded $555,000 ($500,000 for past and future pain and suffering to the infant plaintiff and $55,000 for past and future loss of ser-

vices to the mother) (*see Hiraldo v Khan*, 267 AD2d 205 [1999]), and judgment was entered accordingly. Allstate had been permitted to deposit into court pursuant to CPLR 2601 the sum of $300,000, the policy limit for one year (*see Hiraldo v Khan*, 262 AD2d 607 [1999]). In addition, the plaintiffs entered into a stipulation with the insureds whereby the insureds assigned any rights against Allstate to the plaintiffs.

In this action, the plaintiffs seek to recover from Allstate the entirety of the unsatisfied judgment in the underlying action. Allstate maintains that while it insured the premises for the three-year period in question pursuant to the initial Landlord's Package providing for a $300,000 liability limit per person, and two subsequent renewal policies identical to the initial policy, the provisions of the applicable policy clearly limited the plaintiffs to the recovery of the limit of one policy period, i.e., $300,000. The provision relied upon states:

"Section II Conditions

**"4. Our Limits of Liability**

"This insurance applies separately to each **insured person**. Regardless of the number of **insured persons**, injured persons, claims, claimants or policies involved, **our** total liability under **Business Liability Protection** coverage for damages resulting from one loss will not exceed the limit of liability for Coverage X shown on the declarations page. All **bodily injury, personal injury and property damage** resulting from one accident or from continuous or repeated exposure to the same general conditions is considered the result of one loss."

The plaintiffs assert that because the infant plaintiff was continuously exposed to the lead hazard over a period of three years, during which period his injuries were exacerbated, the limits of liability provision should not apply.

The plaintiffs moved, and Allstate cross-moved, for summary judgment. The Supreme Court denied the motion, granted the cross motion, and dismissed the complaint insofar as asserted against Allstate.

Where the provisions of an insurance contract are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement (*see Government Empls. Ins. Co. v Kligler*, 42 NY2d 863, 864 [1977]; *Jacofsky v Travelers Ins. Co.*, 5 AD3d 557 [2004]). Pursuant to the plain language of the applicable policy, the infant plaintiff's injuries from exposure to lead paint while residing at the insured premises arose out of a single occurrence, and constituted one loss, and Allstate clearly intended to

limit the number of policies that would be available to satisfy a judgment in a continuous exposure case (*see Greenidge v Allstate Ins. Co.*, 312 F Supp 2d 430 [SD NY 2004]; *Matter of Midland Ins. Co.*, 269 AD2d 50, 59-60 [2000]). Therefore, the limits of liability provision did apply, and the Supreme Court properly denied the plaintiffs' motion and granted Allstate's cross motion for summary judgment dismissing the complaint insofar as asserted against it.

In light of our determination, we need not address the plaintiffs' remaining contentions. Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.