■ NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent, v PEERLESS INSURANCE COMPANY, Appellant. [803 NYS2d 191]—

In an action for a judgment declaring that the defendant is obligated to provide primary insurance coverage in two related underlying personal injury actions entitled *Milteer v Stoddard*, pending in the Supreme Court, Orange County, under index No. 6270/02, and *Guay v Stoddard*, in the Supreme Court, Orange County, under index No. 920/02, which has been settled, and that the defendant must reimburse the plaintiff for costs, expenses, and disbursements incurred in those actions, the defendant appeals from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated June 29, 2004, which granted the plaintiff's motion for summary judgment and denied its cross motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is denied, the cross motion is granted, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment declaring that the defendant, Peerless Insurance Company, is not obligated to provide primary insurance coverage in *Milteer v Stoddard*, pending in the Supreme Court, Orange County, under index No. 6270/02, and *Guay v Stoddard*, in the Supreme Court, Orange County, under index No. 920/02, and reimburse the plaintiff for costs, expenses, and disbursements incurred in those actions.

Frank Guay, a nonparty, was involved in a motor vehicle accident while driving a vehicle owned by his daughter, Heather Garrison. At all relevant times, Guay was insured by the defendant, Peerless Insurance Company (hereinafter Peerless), and Garrison was insured by the plaintiff, New York Central Mutual Fire Insurance Company (hereinafter New York Central). New York Central commenced this action for a judgment declaring that Peerless is obligated to provide primary insurance coverage in two underlying personal injury actions arising out of the accident and reimburse it for costs, expenses, and disbursements incurred in those actions. The Supreme Court granted the plaintiff's motion for summary judgment and denied the defendant's cross motion for summary judgment. We reverse.

In relevant part, the "other insurance" provision of the policy

issued by Peerless to Guay states that any coverage provided by Peerless for a vehicle not owned by Guay "shall be excess over any other collectible insurance, including physical damage insurance provided under this or any other policy." The "other insurance" provision of the policy issued by New York Central to Garrison is essentially the same. Thus, by the plain terms of both policies, the coverage provided by New York Central to Garrison (i.e., the coverage provided on the owned vehicle involved in the accident) is primary (*see Lumbermens Mut. Cas. Co. v Allstate Ins. Co.*, 51 NY2d 651 [1980]; *Government Empls. Ins. Co. v Kligler*, 42 NY2d 863 [1977]; *Jacofsky v Travelers Ins. Co.*, 5 AD3d 557 [2004]). Contrary to New York Central's contention on appeal, whether or not the Garrison vehicle was a "temporary substitute vehicle" within the meaning of the policy issued by Peerless to Guay is not controlling. Nothing in the plain language of the Peerless policy provides that such a vehicle was to be deemed "owned" by Guay for purposes of determining coverage. Cozier, J.P., Ritter, Spolzino and Lunn, JJ., concur.