■ Robert Gassman et al., Appellants-Respondents, v Metropolitan Life Insurance Company, Respondent-Appellant, et al., Defendants. [830 NYS2d 272]—

In an action, inter alia, to recover damages for breach of an insurance contract, (1) the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Woodward, J.),

entered December 7, 2004, as denied those branches of their motion which were for summary judgment on the first and second causes of action against the defendant Metropolitan Life Insurance Company and to strike the answer and affirmative defenses of the defendant Metropolitan Life Insurance Company, and the defendant Metropolitan Life Insurance Company cross-appeals from so much of the same order as denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it and pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it, and (2) the plaintiffs appeal from stated portions of an order of the same court dated August 25, 2005, which, inter alia, in effect, upon reargument, adhered to its original determination denying those branches of their prior motion which were for summary judgment on the first and second causes of action against the defendant Metropolitan Life Insurance Company.

Ordered that the appeal from so much of the order entered December 7, 2004, as denied those branches of the plaintiffs' motion which were for summary judgment on the first and second causes of action against the defendant Metropolitan Life Insurance Company is dismissed, as that portion of the order was superseded by the order dated August 25, 2005, in effect, made upon reargument; and it is further,

Ordered that the order entered December 7, 2004, is affirmed insofar as reviewed; and it is further,

Ordered that the order dated August 25, 2005, is modified, on the law, by deleting the provision thereof which, upon reargument, adhered to the original determination denying that branch of the plaintiffs' motion which was for summary judgment on the first cause of action against the defendant Metropolitan Life Insurance Company and substituting therefor a provision, upon reargument, vacating so much of the order entered December 7, 2004, as denied that branch of the motion, and granting that branch of the motion; as so modified, the order dated August 25, 2005, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiffs are executors of the estate of Stanley Silver. Stanley Silver was an owner of and beneficiary under a life insurance policy insuring the life of Gian Carlo Santini, who was his business partner. There were three other owners and beneficiaries under the policy.

Stanley Silver predeceased the insured. Paragraph 6 of the subject insurance policy dealing with an ownership interest in the policy provided that "[i]f an Owner other than the Insured

dies while the Insured is living, all rights and options of that Owner shall belong to the Owner's executors or administrators unless otherwise provided." Paragraph 8 of the same policy referring to beneficiaries provided in relevant part that "[u]nless otherwise provided, the interest of any Beneficiary, including any irrevocable Beneficiary, who dies before the Insured shall belong to the Owner."

When Santini died, the plaintiffs did not receive one-fourth of the proceeds of the policy. Rather, they received only a small interest as an owner.

The plaintiffs commenced the instant action against, among others, the Metropolitan Life Insurance Company (hereinafter Met Life). As relevant herein, in the first cause of action, the plaintiffs alleged that they were entitled to receive one-fourth of the policy proceeds from Met Life. The plaintiffs moved, among other things, for summary judgment with regard to the first cause of action. Met Life cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied both the motion and the cross motion. Thereafter, among other things, in effect, upon reargument, the Supreme Court adhered to its original determination denying that branch of the plaintiff's motion which was for summary judgment on the first cause of action against Met Life.

The Supreme Court improperly denied that branch of the plaintiffs' motion which was for summary judgment on the first cause of action against Met Life. The plaintiffs made a prima facie showing of entitlement to judgment as a matter of law with regard to the first cause of action against Met Life (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Where the provisions of an insurance contract are clear and unambiguous, they must be given their plain and ordinary meaning, and courts should refrain from rewriting the agreement (*see Government Empls. Ins. Co. v Kligler*, 42 NY2d 863, 864 [1977]; *Hiraldo v Allstate Ins. Co.*, 8 AD3d 230, 231 [2004] *affd* 5 NY3d 508 [2005]). Pursuant to the plain language of the applicable policy, the plaintiffs were entitled to receive one-fourth of the proceeds. In opposition to that branch of the plaintiffs' motion, Met Life failed to raise a triable issue of fact. Thus, the proceeds were improperly distributed by Met Life.

The parties' remaining contentions are without merit or need not be reached in light of our determination. Crane, J.P., Rivera, Ritter and Lunn, JJ., concur.