SECOND DEPARTMENT, AUGUST, 2009

(August 4, 2009)

■ CESAR ALVARADO, Appellant-Respondent, v GIOVANNI CULOTTA et al., Respondents-Appellants. [883 NYS2d 591]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Cullen, J.), dated March 17, 2008, as granted those branches of the motion of the defendants Hector A. Valencia and Pediatric Family Center, and the separate motion of the defendant Giovanni Culotta, which were pursuant to CPLR 4404 (a) to set aside, as excessive, the jury verdict on the issue of damages in the principal sums of $100,000 for past pain and suffering, $1,540,000 for future pain and suffering, $1,088,000 for future loss of earnings, and $546,000 for future psychological, educational, and occupational services, and for a new trial; the

defendants Hector A. Valencia and Pediatric Family Center cross-appeal, as limited by their brief, from stated portions of the same order which, inter alia, in effect, denied as academic those branches of their motion which were pursuant to CPLR 4404 (a) to set aside the verdict on the issue of liability and for judgment as a matter of law, or to set aside the verdict on the issue of liability as contrary to the weight of the evidence and for a new trial; and the defendant Giovanni Culotta separately cross-appeals, as limited by his brief, from stated portions of the same order which, inter alia, in effect, denied as academic that branch of his motion which was to set aside the verdict against him upon his default in appearing at trial.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, (1) by deleting the provision thereof granting those branches of the motion of the defendants Hector A. Valencia and Pediatric Family Center, and the separate motion of the defendant Giovanni Culotta, which were pursuant to CPLR 4404 (a) to set aside, as excessive, the jury verdict on the issue of damages as to past pain and suffering and future loss of earnings, and for a new trial with respect to those damages, and substituting therefor a provision denying those branches of the motions, (2) by deleting the provision thereof which, in effect, denied as academic that branch of the motion of the defendants Hector A. Valencia and Pediatric Family Center which was pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law on the causes of action seeking to recover damages for future psychological and educational services, and substituting therefor a provision granting that branch of the motion, (3) by adding thereto a provision stating that the new trial granted by the court on the issue of damages for future pain and suffering shall be held unless the plaintiff shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to reduce the damages for future pain and suffering from the principal sum of $1,540,000 to the principal sum of $750,000, and (4) by adding thereto a further provision stating that the new trial on the issue of damages for future occupational services shall be held unless the plaintiff and the defendants Hector A. Valencia and Family Pediatric Center shall serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation stating that the plaintiff's damages on this cause of action amount to the principal sum of $101,400; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements; and it is further,

Ordered that the time for the plaintiff to serve and file his

written stipulation consenting to reduce the damages for future pain and suffering from the principal sum of $1,540,000 to the principal sum of $750,000, if he shall be so advised, shall be within 30 days after service upon him of a copy of this decision and order; and it is further,

Ordered that the time for the plaintiff and the defendants Hector A. Valencia and Family Pediatric Center to serve and file their written stipulation stating that the plaintiff's damages on the cause of action seeking to recover damages for future occupational services amount to the principal sum of $101,400, if they shall be so advised, shall be within 30 days after service upon them of a copy of this decision and order.

"[I]n an action to recover damages for medical malpractice, the plaintiff must prove that the defendant deviated from accepted practice, and that such deviation proximately caused his or her injuries" (*Manuka v Crenshaw,* 43 AD3d 886, 887 [2007]; *see Holton v Sprain Brook Manor Nursing Home,* 253 AD2d 852 [1998]). Here, the evidence was legally sufficient to support the jury verdict on the issue of liability against the defendants Hector A. Valencia and Pediatric Family Center (hereinafter the medical defendants) (*see Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]; *see also Szczerbiak v Pilat,* 90 NY2d 553 [1997]). Further, the verdict on the issue of liability was not against the weight of the evidence (*see Nicastro v Park,* 113 AD2d 129, 134 [1985]).

However, we conclude that the evidence was legally insufficient to support any awards for future psychological and educational services. In particular, there was no showing that the $35,000 to $45,000 per year school program that the plaintiff's expert described was "available to the infant plaintiff and that [he] intended to enroll in such a program" (*see Jackson v Chetram,* 300 AD2d 446, 447 [2002]). Additionally, the evidence was insufficient to support an award for future psychological services, as there was no evidence that the plaintiff was seeing a psychologist at the time of trial (*see Guerrero v Djuko Realty,* 300 AD2d 542 [2002]; *see also Korn v Levick,* 231 AD2d 606 [1996]). Therefore, that branch of the medical defendants' motion which was for judgment as a matter of law on the causes of action seeking to recover damages for future psychological and educational services should have been granted (*see Guerrero v Djuko Realty,* 300 AD2d 542, 543 [2002]).

As for the issue of future occupational services, based upon the testimony of the plaintiff's expert, which was not refuted by the medical defendants, an award of $101,400 is appropriate. However, we note that the verdict sheet given to the jury

improperly combined into one category the separate items of damages for future psychological, educational, and occupational services. The jury made a single award in the principal sum of $546,000, making it impossible to determine how it was allocated. In light of the foregoing determination, the entire award must be set aside, and the issue of the plaintiff's damages for future occupational services must be the subject of a new trial, unless the plaintiff and the medical defendants, if they be so advised, stipulate that the plaintiff's damages on this cause of action amount to the principal sum of $101,400.

The award for future pain and suffering was excessive to the extent indicated (*see* CPLR 5501 [c]; *Jackson v Chetram,* 300 AD2d 446 [2002]; *Padilla v Jols Realty Corp.,* 284 AD2d 512 [2001]; *Hiraldo v Khan,* 267 AD2d 205 [1999], *affd after remand* 8 AD3d 230 [2004]). However, the award for past pain and suffering and future loss earnings were appropriate, and the Supreme Court should not have set them aside.

The defendant Giovanni Culotta did not appear at trial. However, following the jury verdict, he moved for various items of relief including, in effect, an order setting aside the verdict against him on the ground that his default was excusable and he had a meritorious defense. Contrary to his contention, he failed to establish a reasonable excuse for failing to appear at the trial (*see Mohrmann v Lynch-Mohrmann,* 24 AD3d 735 [2005]; *see also Gonzalez v Cirri,* 56 AD3d 425 [2008]; *Matter of Forte v Forte,* 304 AD2d 577 [2003]). In view of the lack of a reasonable excuse, it is unnecessary to consider whether Culotta sufficiently demonstrated the existence of a meritorious defense (*see Toland v Young,* 60 AD3d 754 [2009]).

The parties' remaining contentions are either not properly before us or without merit. Rivera, J.P., Miller, Balkin and Austin, JJ., concur.