■ George Christ et al., Appellants-Respondents, v Law Offices of William F. Levine & Michael B. Grossman et al., Respondents-Appellants. [898 NYS2d 648]—

In an action to recover damages for legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (LaMarca, J.), entered November 24, 2008, as granted that branch of the defendants' motion which was pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the plaintiffs as contrary to the weight of the evidence and for a new trial, and the defendants cross-appeal, as limited by their brief, from so much of the same

order as denied that branch of their motion which was pursuant to CPLR 4404 (a) for judgment as a matter of law.

Ordered that the order is reversed insofar as appealed from, on the facts, and that branch of the defendants' motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial is denied; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from, and it is further,

Ordered that the matter is remitted to the Supreme Court, Nassau County, for further proceedings; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiffs retained attorney Harold Solomon to prosecute a property damage claim against the Village of Garden City arising from a sewer backup at their house. Solomon failed to timely commence a negligence action against the Village based on that claim. Thereafter, the plaintiffs hired the defendants in this action to represent them in a legal malpractice action against Solomon, which the defendants commenced. In an order dated April 18, 2002, the Supreme Court (Franco, J.), granted Solomon's motion for summary judgment dismissing the complaint in that legal malpractice action. The Supreme Court found that the plaintiffs failed to raise any triable issues of fact as to the Village's negligence, as there was no evidence showing that the sewer backup was a recurring condition or that the Village had notice of the defect which caused the sewer backup. The plaintiffs subsequently discovered documents which allegedly demonstrated a history of sewer backups in the vicinity of their home. They also discovered that both Solomon and the defendants had made Freedom of Information Law requests (see Public Officers Law article 6) for those documents, but had failed to follow up when the Village did not respond to those requests. The plaintiffs then commenced this action, alleging the defendants committed legal malpractice by failing to obtain the documents relating to recurring sewer backups in their neighborhood prior to the dismissal of their action against Solomon.

To prevail in their action alleging legal malpractice, the plaintiffs were required to prove that, but for defendants' negligence, they would have obtained a favorable result in a negligence action against the Village and in their suit against Solomon (see Edelweiss [USA] Inc. v Vengroff Williams & Assoc., Inc., 27 AD3d 688, 690, and cases cited therein [2006]). A trial was held in the instant case on the issue of the merits of the underlying claim and the jury returned a verdict in favor of the

plaintiffs. The defendants moved pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law, or to set aside the jury verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court granted that branch of the defendants' motion which was to set aside the jury verdict as contrary to the weight of the evidence on the issue of the Village's negligence, and directed a new trial on that issue. The plaintiffs appeal. The defendants cross-appeal, arguing that the Supreme Court should have entered judgment in their favor as a matter of law. The Supreme Court should have denied the defendants' motion in its entirety.

To be awarded judgment as a matter of law pursuant to CPLR 4404 (a), a defendant has the burden of establishing that there is no rational process by which the jury could find for the plaintiff against the moving defendant (*see Broadie v St. Francis Hosp.*, 25 AD3d 745, 746 [2006]; *Wong v Tang*, 2 AD3d 840 [2003]; *Biggs v Mary Immaculate Hosp.*, 303 AD2d 702, 703 [2003]). The plaintiff's evidence must be accepted as true, and the plaintiff is entitled to every favorable inference which can reasonably be drawn from the evidence (*see Broadie v St. Francis Hosp.*, 25 AD3d at 746). Here, the defendants failed to meet their burden. Notably, the plaintiffs' expert, Louis Schwartz, testified that, after examining reports of sewage stoppages in the vicinity of the plaintiffs' home, he concluded that the Village had failed to properly maintain its sewers.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather, requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). It is for the trier of fact to make determinations as to the credibility of the witnesses, and great deference is accorded to the factfinders, who had the opportunity to see and hear the witnesses (*see Bertelle v New York City Tr. Auth.*, 19 AD3d 343 [2005]). Under the circumstances, the jury's determination that the Village was negligent in maintaining its sewer system was supported by a fair interpretation of the evidence.

The defendants' remaining contentions are without merit. Dillon, J.P., Florio, Miller and Austin, JJ., concur. **[Prior Case History: 21 Misc 3d 1143(A), 2008 NY Slip Op 52488(U).]**