■ LENNARD BURNETT and Another, Infants, by Their Mother and Natural Guardian, JASMINE BURNETT, et al., Respondents, v OSWALD JEFFERS, Defendant, and INTERFAITH MEDICAL CENTER, Appellant. [935 NYS2d 601]—

Accepting the plaintiffs' evidence as true, and according the plaintiffs the benefit of every reasonable inference which can reasonably be drawn therefrom (*see* CPLR 4404 [a]; *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Christ v Law Offs. of William F. Levine & Michael B. Grossman*, 72 AD3d 721, 723 [2010]; *Broadie v St. Francis Hosp.*, 25 AD3d 745, 746 [2006]), there was a rational process by which the jury could find that the defendant Interfaith Medical Center (hereinafter IMC) departed from accepted medical practice by failing to perform lead poisoning risk assessments and provide lead poisoning anticipatory guidance during the infant plaintiffs' pediatric visits, and that such departures were a proximate cause of the infant plaintiffs' injuries (*see Christ v Law Offs. of William F. Levine & Michael B. Grossman*, 72 AD3d at 723; *Shallash v New Is. Hosp.*, 66 AD3d 988, 991-992 [2009]; *Broadie v St. Francis Hosp.*, 25 AD3d at 746). Moreover, we are satisfied that the verdict, including the apportionment of liability, was not contrary to the weight of the evidence (*see McAleer v Geraghty*, 80 AD3d 673, 674 [2011]; *Ford v Southside Hosp.*, 12 AD3d 561, 562 [2004]).

The Supreme Court did not improvidently exercise its discretion in striking the testimony of one of IMC's expert witnesses, since IMC failed to reasonably comply with the expert witness disclosure requirements of CPLR 3101 (d) (*see Lucian v Schwartz*, 55 AD3d 687, 688 [2008]).

The damages awards for past and future pain and suffering, as stipulated to by the plaintiffs, did not deviate materially from what is reasonable compensation (*see* CPLR 5501 [c]; *Solis-Vicuna v Notias*, 71 AD3d 868, 870-871 [2010]; *Alvarado v Culotta*, 65 AD3d 504 [2009]; *Guerrero v Djuko Realty*, 300

AD2d 542 [2002]; *Jackson v Chetram*, 300 AD2d 446 [2002]; *Padilla v Jols Realty Corp.*, 284 AD2d 512 [2001]; *Hiraldo v Khan*, 267 AD2d 205 [1999]). Moreover, the jury's award for future medical expenses was supported by the evidence.

IMC's remaining contentions are without merit. Angiolillo, J.P., Hall, Austin and Miller, JJ., concur.