■ Thomas Buckley et al., Respondents-Appellants, v Masood Haque, M.D., et al., Defendants, and Louis Eisen, M.D., et al., Appellants-Respondents. [977 NYS2d 69]—

In an action to recover damages for medical malpractice, etc., the defendants Louis Eisen and Rockland Imaging Associates, P.C., appeal, as limited by their brief, from so much of an order of the Supreme Court, Orange County (McGuirk, J.), dated November 22, 2011, as denied that branch of their motion pursuant to CPLR 4404 (a) which was to set aside a jury verdict on the issue of liability finding them 80% at fault for the injuries sustained by the plaintiffs and for judgment as a matter of law or, in the alternative, to set aside the verdict on the issue of liability against them as contrary to the weight of the evidence and for a new trial, and granted those branches of their motion which were to set aside a jury verdict on the issue of damages finding that the plaintiff Thomas Buckley sustained damages in the sums of $2,000,000 for past pain and suffering, $4,000,000 for future pain and suffering, $2,000,000 for past lost earnings, and $200,000 per year for eight years for future lost earnings, with an annual growth rate of 2%, and that the plaintiff Lorraine Buckley sustained damages in the sums of $1,500,000 for past loss of services and $3,000,000 for future loss of services, only to the extent of vacating the awards for past pain and suffering, future pain and suffering, past loss of services, and future loss of services, and directing a new trial on those issues unless the plaintiffs stipulated to a reduction of damages for past pain and suffering to $750,000, damages for future pain and suffering to $1,500,000, damages for past loss of services to $100,000, and damages for future loss of services to $200,000, and otherwise denied those branches of their motion, and the plaintiffs cross-appeal from so much of the same order as granted those branches of the motion of the defendants Louis Eisen and Rockland Imaging Associates, P.C., which were to set aside, as excessive, the damages awards for past pain and suffering, future pain and suffering, past loss of services, and future loss of services, to the extent of directing a new trial on those issues unless the plaintiffs stipulated to a reduction of damages for past pain and suffering to $750,000, future pain and suffering to $1,500,000, past loss of services to $100,000, and future loss of services to $200,000.

Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the motion of the defendant Louis Eisen and Rockland Imaging Associates, P.C., which was pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability finding them 80% at fault for the injuries sustained by the plaintiffs as contrary to the weight of the evidence and for a new trial, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof

directing a new trial on the issue of damages for past pain and suffering and future pain and suffering unless the plaintiffs stipulated to a reduction of damages for past pain and suffering to $750,000, and damages for future pain and suffering to $1,500,000, and (3) by deleting the provision thereof denying that branch of the motion which was to set aside the verdict on the issue of damages awarding compensation for future lost earnings; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for a new trial as to the defendants Louis Eisen and Rockland Imaging Associates, P.C., on the issues of apportionment of fault and damages for past pain and suffering, future pain and suffering, and future lost earnings, unless, within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Orange County, a written stipulation consenting to reduce the apportionment of the fault to the defendants Louis Eisen and Rockland Imaging Associates, P.C., from 80% to 50% and to increase the apportionment of the fault to the defendant Masood Haque from 20% to 50%, and consenting to a reduction of the damages award for past pain and suffering from the principal sum of $2,000,000 to the principal sum of $300,000, a reduction of the damages award for future pain and suffering from the principal sum of $4,000,000 to the principal sum of $1,000,000, and a reduction of damages for future lost earnings from the sum of $200,000 per year for 8 years, with an annual growth rate of 2%, to $200,000 per year for 7.4 years with an annual growth rate of 1%; in the event that the plaintiffs so stipulate, then the order, as so amended, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

After trial in this medical malpractice action, a jury found that the defendant physician Louis Eisen was 80% at fault for the injured plaintiff's injuries, and that the defendant physician Masood Haque was 20% at fault. Thereafter, the plaintiffs settled their claims against Dr. Haque and, thus, he is not a party to this appeal.

Accepting the plaintiffs' evidence as true, and according them the benefit of every reasonable inference which can be drawn therefrom (see CPLR 4404 [a]; Burnett v Jeffers, 90 AD3d 799, 800 [2011]), there was a rational process by which the jury could find that Eisen departed from accepted medical practice when he interpreted as normal a CT scan of the injured plaintiff's head taken on December 24, 2001, notwithstanding

that the injured plaintiff was suffering from the early stages of a stroke, and that such departure was a proximate cause of the injured plaintiff's injuries (*see Burnett v Jeffers*, 90 AD3d 799 [2011]; *Semel v Guzman*, 84 AD3d 1054, 1056 [2011]). Except for the jury's apportionment of liability, we are satisfied that the verdict finding Eisen at fault was not contrary to the weight of the evidence. Where both the plaintiffs and the defendants presented expert testimony in support of their respective positions, it was the province of the jury to determine the experts' credibility (*see Cohen v Hallmark Cards*, 45 NY2d 493, 498-499 [1978]; *Semel v Guzman*, 84 AD3d at 1056).

However, the jury's apportionment of fault was contrary to the weight of the evidence. The apportionment of 80% of the fault to Eisen and, vicariously, to his practice, Hudson Valley Radiologists, P.C., sued herein as Rockland Imaging Associates, P.C., was excessive to the extent indicated (*see Dockery v Sprecher*, 68 AD3d 1043 [2009]; *Mandel v New York County Pub. Adm'r*, 29 AD3d 869, 871 [2006]).

The damages awarded were excessive to the extent indicated, as they deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Lang v Newman*, 54 AD3d 483 [2008], *affd* 12 NY3d 868 [2009]; *Stanisich v New York City Tr. Auth.*, 73 AD3d 737 [2010]). Further, although the award of future lost earnings of $200,000 per year was reasonable, in light of current economic conditions, as well as the testimony of the plaintiffs' expert as to the extent of the injured plaintiff's remaining work life, the application of a 2% annual growth rate to that sum and the award of future lost earnings for a period of eight years were excessive to the extent indicated.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Dickerson, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.