■ JOAN ROVECCIO, Appellant, v RY MANAGEMENT COMPANY, INC., Respondent. [816 NYS2d 114]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kitzes, J.), dated May 23, 2005, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contention, the Supreme Court properly granted the motion of the defendant, the managing agent for the subject condominium complex, for summary judgment on the ground that it owed her no duty of care. "[O]rdinarily, breach of a contractual obligation will not be sufficient in and of itself to impose tort liability to noncontracting third parties upon the promisor" (*Church v Callanan Indus.,* 99 NY2d 104, 111 [2002]; *see Espinal v Melville Snow Contrs.,* 98 NY2d 136, 138 [2002]; *Felder v R & K Realty,* 295 AD2d 560 [2002]). While a duty of care on the part of the managing agent may arise where there is a comprehensive and exclusive management agreement between the agent and the owner which displaces the owner's duty to safely maintain the premises (*see Palka v Servicemaster Mgt., Servs. Corp.,* 83 NY2d 579 [1994]; *Guerrero v Djuko Realty,* 300 AD2d 542 [2002]), the agreement at issue in this case is not such a contract, since the owner

retained substantial control over the management and operation of the property (*see Usman v Alexander's Rego Shopping Ctr., Inc.,* 11 AD3d 450 [2004]; *Hagen v Gilman Mgt. Corp.,* 4 AD3d 330 [2004]; *Perkins v Cosmopolitan Care Corp.,* 308 AD2d 437 [2003]; *Ingordo v Square Plus Operating Corp.,* 276 AD2d 528 [2000]; *Lennon v Oakhurst Gardens Corp.,* 229 AD2d 897 [1996]; *Ioannidou v Kingswood Mgt. Corp.,* 203 AD2d 248 [1994]).

In view of the foregoing, the plaintiff's remaining contention need not be reached. Ritter, J.P., Mastro, Lunn and Covello, JJ., concur.