EILEEN SCHULTZ, Respondent, v BRIDGEPORT & PORT JEFFERSON STEAMBOAT COMPANY, Respondent, and S & S COMPLETE LANDSCAPING CORP., Appellant. [891 NYS2d 146]—

The plaintiff was injured when she slipped and fell on a patch of ice in the parking lot of a ferry terminal operated by the defendant Bridgeport & Port Jefferson Steamboat Company (hereinafter Bridgeport). The plaintiff subsequently commenced an action against Bridgeport, among others, and thereafter commenced a separate action against the defendant S & S Complete Landscaping Corp. (hereinafter S & S), Bridgeport's snow removal contractor. The two actions were consolidated, and Bridgeport asserted cross claims against S & S sounding in common-law negligence, contribution, and contractual indemnification.

"Generally, a snow removal contractor's contractual obligation, standing alone, will not give rise to tort liability in favor of third parties unless: (1) the snow removal contractor, in failing to exercise reasonable care in the performance of its duties, launched a force or instrument of harm; (2) the plaintiff detrimentally relied on the continued performance of the snow removal contractor's duties; or (3) the snow removal contractor has entirely displaced the owner's duty to maintain the premises safely" (*Castro v Maple Run Condominium Assn.*, 41 AD3d 412, 413 [2007]; *see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]).

The Supreme Court should have granted that branch of the motion of S & S which was for summary judgment dismissing the complaint insofar as asserted against it. S & S made a prima facie showing that its contract to provide snow removal services was not comprehensive and exclusive (*see Lattimore v First Mineola Co.*, 60 AD3d 639, 642-643 [2009]; *Linarello v Colin*

*Serv. Sys., Inc.,* 31 AD3d 396 [2006]). Moreover, S & S made a prima facie showing that the plaintiff did not detrimentally rely on the continued performance of its alleged contractual duties (*see Wheaton v East End Commons Assoc., LLC,* 50 AD3d 675 [2008]; *Castro v Maple Run Condominium Assn.,* 41 AD3d at 413; *Bugiada v Iko,* 274 AD2d 368, 369 [2000]) and that it did not launch a force or instrument of harm which created or exacerbated a hazardous condition (*see Murphy v M.B. Real Estate Dev. Corp.,* 280 AD2d 457 [2001]; *Pavlovich v Wade Assoc.,* 274 AD2d 382 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]).

The Supreme Court also should have granted that branch of the motion of S & S which was for summary judgment dismissing the cross claims. S & S established, prima facie, that it was entitled to judgment as a matter of law dismissing the common-law indemnification claim by demonstrating that the plaintiff's accident was not due solely to its negligent performance or non-performance of an act solely within its province (*see Roach v AVR Realty Co., LLC,* 41 AD3d 821, 824 [2007]; *Murphy v M.B. Real Estate Dev. Corp.,* 280 AD2d 457 [2001]; *Oppenheim v One School St. Professional Corp.,* 263 AD2d 472, 473 [1999]; *Keshavarz v Murphy,* 242 AD2d 680 [1997]). In opposition, Bridgeport failed to raise a triable issue of fact. Furthermore, in opposition to the prima facie showing by S & S that it was entitled to summary judgment dismissing the contribution claim, Bridgeport failed to demonstrate either that S & S owed Bridgeport a duty of care independent of its contractual obligations, or that S & S owed the plaintiff a duty of care (*see Wheaton v East End Commons Assoc.,* 50 AD3d at 678; *Roach v AVR Realty Co., LLC.,* 41 AD3d at 824; *Baratta v Home Depot USA,* 303 AD2d 434, 435 [2003]). The Supreme Court also should have granted that branch of S & S's motion which was for summary judgment dismissing the contractual indemnification claim, since the agreement between Bridgeport and S & S contained no express indemnification provisions, and an indemnification clause could not be implied from the language of that agreement (*see generally Hooper Assoc. v AGS Computers,* 74 NY2d 487, 491-492 [1989]; *Drzewinski v Atlantic Scaffold & Ladder Co.,* 70 NY2d 774, 777 [1987]; *Canela v TLH 140 Perry St., LLC,* 47 AD3d 743, 744 [2008]). Skelos, J.P., Eng, Belen and Austin, JJ., concur.