■ KAREN LITTLETON, Respondent, v AMBERLAND OWNERS, INC., Defendant/Third-Party Plaintiff-Appellant. McKINNEY LANDSCAPING CORPORATION, Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [942 NYS2d 586]—

In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals from an order of the Supreme Court, Westchester County (O. Bellantoni, J.), dated December 9, 2010, which granted the motion of the third-party defendant for summary judgment dismissing the third-party complaint and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff allegedly was injured when she slipped and fell on ice on stairs in the parking lot of her apartment complex, which was owned by the defendant/third-party plaintiff, Amberland Owners, Inc. (hereinafter Amberland). The plaintiff commenced this action against Amberland to recover damages for personal injuries, and Amberland subsequently commenced a third-party action against the third-party defendant, McKinney Landscaping Corporation (hereinafter McKinney), its snow removal contractor, for common-law contribution and indemnification.

The Supreme Court properly granted McKinney's motion for

summary judgment dismissing the third-party complaint. Mc-Kinney established, prima facie, that it was entitled to judgment as a matter of law dismissing the common-law indemnification claim by demonstrating that the plaintiff's accident was not due solely to its negligent performance or nonperformance of an act solely within its province (*see Schultz v Bridgeport & Port Jefferson Steamboat Co.*, 68 AD3d 970, 972 [2009]). In opposition, Amberland failed to raise a triable issue of fact. Furthermore, in opposition to the prima facie showing by McKinney that it was entitled to judgment as a matter of law dismissing the common-law contribution claim, Amberland failed to demonstrate either that McKinney owed Amberland a duty of care independent of its contractual obligations, or that McKinney owed the plaintiff a duty of care (*see Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 216 [2010]; *Schultz v Bridgeport & Port Jefferson Steamboat Co.*, 68 AD3d at 972).

The Supreme Court properly denied Amberland's cross motion for summary judgment dismissing the complaint. "A real property owner or a party in possession or control of real property will be held liable for injuries sustained in a slip-and-fall accident involving snow and ice on its property only when it created the alleged dangerous condition or had actual or constructive notice of it" (*Cantwell v Fox Hill Community Assn., Inc.*, 87 AD3d 1106 [2011]). Here, Amberland failed to establish, prima facie, that it did not have actual or constructive notice of the dangerous condition. Since Amberland failed to meet its initial burden of establishing its prima facie entitlement to judgment as a matter of law, the sufficiency of the plaintiff's opposition papers need not be considered (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Chambers, Roman and Sgroi, JJ., concur.