■ Morgan Proulx et al., Respondents, v Entergy Nuclear Indian Point 2, LLC, et al., Appellants, and Bartlett Nuclear, Inc., Respondent, et al., Defendants. [949 NYS2d 178]—

In an action to recover damages for personal injuries, etc., the defendants Entergy Nuclear Indian Point 2, LLC, Entergy Nuclear Indian Point 3, LLC, and Entergy Services, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered September 13, 2011, as granted those branches of the motion of the defendant Bartlett Nuclear, Inc., which were for summary judgment dismissing the complaint insofar as asserted against it and their cross claims insofar as asserted against it, and denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, or, in the alternative, for summary judgment dismissing the claim for future lost earnings insofar as asserted against them.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant Bartlett Nuclear, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the defendants Entergy Nuclear Indian Point 2, LLC, Entergy Nuclear Indian Point 3, LLC, and Entergy Services, Inc., are not aggrieved by that portion of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144, 156 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs and the defendant Bartlett Nuclear, Inc., appearing separately and filing separate briefs.

The injured plaintiff allegedly slipped and fell on ice in a parking lot owned by the defendants Entergy Nuclear Indian Point 2, LLC, Entergy Nuclear Indian Point 3, LLC, and Entergy Services, Inc. (hereinafter collectively the Entergy defendants),

which was allegedly not properly illuminated. The Supreme Court properly denied that branch of the Entergy defendants' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, since those defendants failed to establish, prima facie, that they did not create or have actual or constructive notice of the alleged icy condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]). Additionally, the Entergy defendants failed to demonstrate that the accident site was adequately illuminated and that the alleged lighting condition did not proximately cause the accident (*see Healy v Bartolomei*, 87 AD3d 1112, 1113 [2011]; *Warfield v Shan Assoc. of Syosset, LLC*, 69 AD3d 708, 708 [2010]; *Gestetner v Teitelbaum*, 52 AD3d 778, 778 [2008]).

The Supreme Court properly denied the Entergy defendants' alternative request for summary judgment dismissing the claim for future lost earnings. The Entergy defendants failed to establish, prima facie, that the injured plaintiff would be unable to establish his future lost earnings with reasonable certainty (*cf. Deans v Jamaica Hosp. Med. Ctr.*, 64 AD3d 742, 744 [2009]). Since the Entergy defendants failed to meet their initial burden as the movants, we need not review the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

With respect to the defendant Bartlett Nuclear, Inc. (hereinafter Bartlett), which provided, inter alia, limited snow removal services at the Entergy defendants' premises, the Supreme Court properly granted that branch of its motion which was for summary judgment dismissing the Entergy defendants' cross claims for common-law indemnification and contribution. Bartlett established, prima facie, that it was entitled to judgment as a matter of law dismissing the common-law indemnification claim by demonstrating that the injured plaintiff's accident was not due solely to its negligent performance or nonperformance of an act solely within its province (*see Schultz v Bridgeport & Port Jefferson Steamboat Co.*, 68 AD3d 970, 972 [2009]; *Roach v AVR Realty Co., LLC*, 41 AD3d 821, 824 [2007]). In opposition, the Entergy defendants failed to raise a triable issue of fact. Furthermore, in opposition to the prima facie showing by Bartlett that it was entitled to summary judgment dismissing the contribution claim, the Entergy defendants failed to raise a triable issue of fact as to whether Bartlett owed the Entergy defendants a duty of care independent of its contractual obligations, or that Bartlett owed the injured plaintiff a duty of care (*see Schultz v Bridgeport & Port Jefferson Steamboat Co.*,

68 AD3d at 972; *Wheaton v East End Commons Assoc., LLC*, 50 AD3d 675, 678 [2008]; *Roach v AVR Realty Co., LLC*, 41 AD3d at 824). Rivera, J.P., Dickerson, Hall and Cohen, JJ., concur.