■ ROCHELLE McGEE, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [995 NYS2d 724]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Silber, J.), dated July 18, 2013, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on an accumulation of water in one of the stairwells of the defendant's building, where she resided in an apartment on the top floor. The defendant moved for summary judgment dismissing the complaint on the ground that it did not create the alleged dangerous condition,

and did not have actual or constructive notice of the alleged dangerous condition. The Supreme Court denied the defendant's motion. We affirm.

A defendant moving for summary judgment in a slip-and-fall action is required to demonstrate, prima facie, that it maintained the subject property in a reasonably safe condition and that it neither created the alleged dangerous condition nor had actual or constructive notice thereof (see *Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d 923, 923 [2014]). The defendant here established its prima facie entitlement to judgment as a matter of law by showing that its employees had inspected the subject stairwell on the day prior to the accident, and did not observe any water condition at that time. The defendant further demonstrated, prima facie, that it had not received any complaints regarding the condition prior to the accident. In opposition, however, the plaintiff asserted in her affidavit that there had been a recent rainfall during which the water had already accumulated shortly before the inspection of the area by the defendant's employees, thus raising a triable issue of fact as to whether the defendant had actual or constructive notice of the existence of the condition. Moreover, the plaintiff submitted evidence that residents of the building had previously complained to the defendant about a specific ongoing and recurring dangerous condition, consisting of a leak in the roof area above the stairwell, which allowed water to accumulate on the stairway whenever it rained, thus raising a triable issue of fact as to whether the defendant had constructive notice of the dangerous condition (see *Nikolakopoulos v New York City Tr.*, 115 AD3d 716 [2014]; *Santiago v JP Morgan Chase & Co.*, 96 AD3d 642 [2012]). Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Leventhal, Hinds-Radix and LaSalle, JJ., concur.