■ THOMAS CUNNINGHAM, Plaintiff, v NORTH SHORE UNIVERSITY HOSPITAL AT GLEN COVE HOUSING, INC., et al., Respondents, and A.G. LANDSCAPING, Appellant, et al., Defendant. [998 NYS2d 406]—

In an action to recover damages for personal injuries, the defendant A.G. Landscaping appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brandveen, J.), dated September 25, 2013, as denied that branch of its motion which was for summary judgment dismissing the cross claims of the defendants North Shore University Hospital at Glen Cove Housing, Inc., North Shore-Long Island Jewish Health Systems, and North Shore University Hospital at Glen Cove insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant A.G. Landscaping which was for summary judgment dismissing the cross claims of the defendants North Shore University Hospital at Glen Cove Housing, Inc., North Shore-Long Island Jewish Health Systems, and North Shore University Hospital at Glen Cove insofar as asserted against it is granted.

The Supreme Court should have granted that branch of the motion of the defendant A.G. Landscaping which was for summary judgment dismissing the cross claims of the defendants North Shore University Hospital at Glen Cove Housing, Inc., North Shore-Long Island Jewish Health Systems, and North Shore University Hospital at Glen Cove (hereinafter collectively the North Shore defendants) insofar as asserted against it. A.G. Landscaping submitted evidence sufficient to establish, prima facie, that the North Shore defendants were not entitled to contribution, since A.G. Landscaping did not owe a duty of reasonable care to the plaintiff or a duty of reasonable care independent of its contractual obligations to the North Shore defendants (*see Abramowitz v Home Depot USA, Inc.*, 79 AD3d 675 [2010]; *Wheaton v East End Commons Assoc., LLC*, 50 AD3d 675 [2008]). A.G. Landscaping also submitted evidence sufficient to establish, prima facie, that the North Shore defendants were not entitled to contractual indemnification, since there was no evidence that A.G. Landscaping agreed to indemnify the North Shore defendants (*see generally Lubell v Stonegate at Ardsley Home Owners Assn., Inc.*, 79 AD3d 1102 [2010]; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210 [2010]). Finally, A.G. Landscaping established, prima facie, that the North Shore defendants were not entitled to common-law indemnification, since the evidence showed that the plaintiff's accident was not due solely to A.G. Landscaping's alleged negligent performance or nonperformance of an act totally within its province (*see Proulx v Entergy Nuclear Indian Point 2, LLC*, 98 AD3d 492 [2012]; *Schultz v Bridgeport & Port Jefferson Steamboat Co.*, 68 AD3d 970 [2009]; *Roach v AVR Realty Co., LLC*, 41 AD3d 821 [2007]). In opposi-

tion, the North Shore defendants failed to raise a triable issue of fact. Leventhal, J.P., Hall, Austin and Roman, JJ., concur.