■ BRENT CANTOR, Plaintiff, v ACORN PONDS HOMEOWNERS ASSOCIATION, INC., Appellant, et al., and DEBENEDITTIS LANDSCAPING, INC., Respondent, et al., Defendant. [7 NYS3d 555]—

In an action to recover damages for personal injuries, the de-

fendant Acorn Ponds Homeowners Association, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Brown, J.), dated March 18, 2014, as granted that branch of the motion of the defendant DeBenedittis Landscaping, Inc., which was for summary judgment dismissing the complaint insofar as asserted against that defendant and, in effect, granted that branch of the motion of the defendant DeBenedittis Landscaping, Inc., which was for summary judgment dismissing the cross claims asserted by it against that defendant.

Ordered that the appeal from so much of the order as granted that branch of the motion of the defendant DeBenedittis Landscaping, Inc., which was for summary judgment dismissing the complaint insofar as asserted against that defendant is dismissed, as the defendant Acorn Ponds Homeowners Association, Inc., is not aggrieved by that portion of the order (*see* CPLR 5511; *Mixon v TBV, Inc.*, 76 AD3d 144 [2010]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendant DeBenedittis Landscaping, Inc.

The plaintiff allegedly sustained personal injuries when he slipped and fell on a patch of ice on property owned by the defendant Acorn Ponds Homeowners Association, Inc. (hereinafter Acorn Ponds). The plaintiff thereafter commenced this action against, among others, Acorn Ponds and its snow removal contractor, the defendant DeBenedittis Landscaping, Inc. (hereinafter DeBenedittis). Acorn Ponds asserted cross claims against DeBenedittis for contribution and common-law indemnification. As relevant here, DeBenedittis moved for summary judgment dismissing the cross claims asserted against it by Acorn Ponds. The Supreme Court, in effect, granted that branch of the motion, and Acorn Ponds appeals.

In support of its motion, DeBenedittis established its prima facie entitlement to judgment as a matter of law by submitting evidence sufficient to establish, prima facie, that Acorn Ponds was not entitled to contribution, since DeBenedittis did not owe a duty of reasonable care to the plaintiff or a duty of reasonable care to Acorn Ponds that was independent of its contractual obligations (*see Cunningham v North Shore Univ. Hosp. at Glen Cove Hous., Inc.*, 123 AD3d 650 [2014]; *Abramowitz v Home Depot USA, Inc.*, 79 AD3d 675 [2010]; *Wheaton v East End Commons Assoc., LLC*, 50 AD3d 675 [2008]). Additionally, DeBenedittis established, prima facie, that Acorn

Ponds was not entitled to common-law indemnification, since the evidence showed that the plaintiff's accident was not due solely to DeBenedittis's alleged negligent performance or non-performance of an act totally within its province (*see Cunningham v North Shore Univ. Hosp. at Glen Cove Hous., Inc.*, 123 AD3d 650 [2014]; *Proulx v Entergy Nuclear Indian Point 2, LLC*, 98 AD3d 492 [2012]; *Schultz v Bridgeport & Port Jefferson Steamboat Co.*, 68 AD3d 970 [2009]; *Roach v AVR Realty Co., LLC*, 41 AD3d 821 [2007]). In opposition, Acorn Ponds failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of DeBenedittis's motion which was for summary judgment dismissing the cross claims asserted against it by Acorn Ponds. Balkin, J.P., Hall, Roman and Cohen, JJ., concur.