HELENE SPERLING et al., Respondents, v WYCKOFF HEIGHTS HOSPITAL et al., Appellants. [12 NYS3d 131]—

In an action to recover damages for personal injuries, the defendants separately appeal, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Lewis, J.), dated July 19, 2013, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is reversed, on the law, with one bill of costs, and the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against each of them are granted.

The plaintiff Helene Sperling (hereinafter the injured plaintiff) allegedly was injured when she slipped and fell on a slick substance on the floor of the premises of the defendant Wyckoff Heights Hospital (hereinafter the Hospital). Pursuant to a management agreement between the Hospital and the defendant Sodexo, Inc., doing business as Sodexo Health Care Services (hereinafter Sodexo), Sodexo was to manage and supervise the Hospital's employees who were responsible for performing, inter alia, housekeeping services. The Supreme Court denied the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against each of them. We reverse.

"Generally, a contractual obligation, standing alone, will not give rise to tort liability in favor of a third party" (*Glover v John Tyler Enters., Inc.*, 123 AD3d 882, 882 [2014]; *see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138-139 [2002]). However, there are three exceptions to this general rule: (1) where the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm or creates or exacerbates a hazardous condition; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely (*see Espinal v Melville*

*Snow Contrs.*, 98 NY2d at 140; *Torres v 63 Perry Realty, LLC*, 123 AD3d 911, 913 [2014]; *Glover v John Tyler Enters., Inc.*, 123 AD3d at 882). "As part of its prima facie showing, a contracting defendant is only required to negate the applicability of those *Espinal* exceptions that were expressly pleaded by the plaintiff or expressly set forth in the plaintiff's bill of particulars" (*Glover v John Tyler Enters., Inc.*, 123 AD3d at 882; *see Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]).

Here, the plaintiffs alleged that Sodexo maintained and controlled the premises. Sodexo established its prima facie entitlement to judgment as a matter of law by submitting evidence establishing that the plaintiffs were not parties to the management agreement and thus, it owed the injured plaintiff no duty of care (*see Glover v John Tyler Enters., Inc.*, 123 AD3d at 882); that the management agreement was not so comprehensive and exclusive as to displace the Hospital's duty to maintain the premises safely (*see Lotz v Aramark Servs., Inc.*, 98 AD3d 602, 603 [2012]; *Roveccio v Ry Mgt. Co., Inc.*, 29 AD3d 562, 562-563 [2006]); and that it did not create the allegedly hazardous condition (*see Lotz v Aramark Servs., Inc.*, 98 AD3d at 603). In opposition, the plaintiffs failed to raise a triable issue of fact. Therefore, the Supreme Court should have granted Sodexo's motion for summary judgment dismissing the complaint insofar as asserted against it.

With respect to the Hospital, "[a] defendant who moves for summary judgment in a slip-and-fall or trip-and-fall case has the initial burden of making a prima facie showing that it did not create the hazardous condition which allegedly caused the fall, and did not have actual or constructive notice of that condition for a sufficient length of time to discover and remedy it" (*Campbell v New York City Tr. Auth.*, 109 AD3d 455, 456 [2013]; *see Amendola v City of New York*, 89 AD3d 775 [2011]). "[T]o meet its burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the accident site was last cleaned or inspected prior to the plaintiff's fall" (*Campbell v New York City Tr. Auth.*, 109 AD3d at 456).

Here, the Hospital established, by submitting the transcripts of the deposition testimony of its employees, that the area in question was inspected shortly before the injured plaintiff's accident and that no slippery or wet substance was observed (*see McGee v New York City Hous. Auth.*, 122 AD3d 695 [2014]; *Connolly v United Health Servs., Inc.*, 77 AD3d 1274 [2010]). In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the

Hospital's motion for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Sgroi, Cohen and Duffy, JJ., concur.