Turner v Birchwood on the Green Owners Corp. (2019 NY Slip Op 02920)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Turner v Birchwood on the Green Owners Corp.

2019 NY Slip Op 02920

Decided on April 17, 2019

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
RUTH C. BALKIN, J.P.
SHERI S. ROMAN
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-04831
(Index No. 711901/15)

[*1]Deborah Ellen Turner, plaintiff-respondent,
vBirchwood on the Green Owners Corp., et al., defendants-respondents, HP Maintenance & Construction, Inc., appellant.

Morris Duffy Alonso & Faley, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for appellant.
Greenberg Law P.C., New York, NY (Jennifer A. Shafer of counsel), for plaintiff-respondent.
Margaret G. Klein (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling, Anthony F. DeStefano, and Jessica L. Smith], of counsel), for defendants-respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant HP Maintenance & Construction, Inc., appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered March 28, 2018. The order, insofar as appealed from, denied those branches of that defendant's motion which were for summary judgment dismissing the complaint insofar as asserted against it and the cross claims for common-law indemnification and contribution against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and those branches of the motion of the defendant HP Maintenance & Construction, Inc., which were for summary judgment dismissing the complaint insofar as asserted against it and the cross claims for common-law indemnification and contribution against it are granted.
The plaintiff allegedly slipped and fell on snow and ice on a walkway of a cooperative complex in Suffolk County. Thereafter, the plaintiff commenced this action to recover damages for personal injuries against Birchwood on the Green Owners Corp. (hereinafter Birchwood), the owner of the premises, Kaled Management Corp. (hereinafter Kaled), the managing agent of the premises, and HP Maintenance & Construction, Inc. (hereinafter HP), which had entered into a snow-removal contract with Kaled. Birchwood and Kaled filed an answer wherein they asserted cross claims against HP. HP moved for summary judgment dismissing the complaint insofar as asserted against it and all cross claims against it. The Supreme Court, inter alia, denied those branches of HP's motion which were for summary judgment dismissing the complaint insofar as asserted against it and the cross claims for common-law indemnification and contribution against it. HP appeals.
"As a general rule, a limited contractual obligation to provide snow removal services does not render the contractor liable in tort for the personal injuries of third parties" (Rudloff v Woodland Pond Condominium Assn., 109 AD3d 810, 810; see Diaz v Port Auth. of NY & NJ, 120 AD3d 611; Lubell v Stonegate at Ardsley Home Owners Assn., Inc., 79 AD3d 1102, 1103). However, the Court of Appeals has recognized three exceptions to the general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [citations and internal quotation marks omitted]).
"As part of its prima facie showing, a contracting defendant is only required to negate the applicability of those Espinal exceptions that were expressly pleaded by the plaintiff or expressly set forth in the plaintiff's bill of particulars" (Glover v John Tyler Enters., Inc., 123 AD3d 882, 882; see Sperling v Wyckoff Hgts. Hosp., 129 AD3d 826, 827; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214). Here, given the allegations in the complaint and the plaintiff's bill of particulars, HP established its prima facie entitlement to judgment as a matter of law through evidence that the plaintiff was not a party to its snow-removal contract, and that it thus owed her no duty of care (see Koslosky v Malmut, 149 AD3d 925, 926; Leibovici v Imperial Parking Mgt. Corp., 139 AD3d 909, 910; Knox v Sodexho Am., LLC, 93 AD3d 642; Lubell v Stonegate at Ardsley Home Owners Assn., Inc., 79 AD3d at 1104; Foster v Herbert Slepoy Corp., 76 AD3d at 214). In opposition, the plaintiff contended that there were triable issues of fact as to whether HP's snow removal efforts had created or contributed to the alleged snow and ice condition. However, her evidentiary submissions failed to raise a triable issue of fact as to whether HP launched a force or instrument of harm (see Fung v Japan Airlines Co., Ltd., 9 NY3d 351, 361; Espinal v Melville Snow Contrs., 98 NY2d at 142; Trombetta v G.P. Landscape Design, Inc., 160 AD3d 677, 678; Somekh v Valley Natl. Bank, 151 AD3d 783, 786; Rudloff v Woodland Pond Condominium Assn., 109 AD3d at 811; Foster v Herbert Slepoy Corp., 76 AD3d at 215).
With respect to the cross claims, HP established, prima facie, that Birchwood and Kaled were not entitled to contribution, since HP did not owe a duty of reasonable care to the plaintiff or a duty of reasonable care independent of its contractual obligations to Birchwood and Kaled (see Cunningham v North Shore Univ. Hosp. at Glen Cove Hous., Inc., 123 AD3d 650, 651; Abramowtiz v Home Depot USA, Inc., 79 AD3d 675, 677; Wheaton v East End Commons Assoc., LLC, 50 AD3d 675, 678; Roach v AVR Realty Co., LLC, 41 AD3d 821, 824). Additionally, HP established, prima facie, that Birchwood and Kaled were not entitled to common-law indemnification, since the evidence showed that the plaintiff's accident was not due solely to HP's alleged negligent performance or nonperformance of an act totally within its province (see Cunningham v North Shore Univ. Hosp. at Glen Cove Hous., Inc., 123 AD3d at 651; Proulx v Entergy Nuclear Indian Point 2, LLC, 98 AD3d 492, 493; Schultz v Bridgeport & Port Jefferson Steamboat Co., 68 AD3d 970, 972; Roach v AVR Realty Co., LLC, 41 AD3d at 824). In opposition, Birchwood and Kaled failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted those branches of HP's motion which were for summary judgment dismissing the complaint insofar as asserted against it and the cross claims for common-law indemnification and contribution against it.
BALKIN, J.P., ROMAN, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court