Reeves v Welcome Parking Ltd. Liab. Co. (2019 NY Slip Op 06223)





Reeves v Welcome Parking Ltd. Liab. Co.


2019 NY Slip Op 06223


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-03304
 (Index No. 10223/14)

[*1]Vinessa Reeves, appellant, 
v
Welcome Parking Limited Liability Company, et al., respondents.


Ronald H. Roth, P.C., New York, NY, for appellant.
Lewis Johs Avallone Aviles, LLP, New York, NY (Robert A. Lifson of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated February 15, 2017. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Welcome Parking Limited Liability Company.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when she slipped and fell on ice on the roof deck of a parking garage owned by the defendant Amboy Properties Corporation (hereinafter Amboy), an alter ego of the plaintiff's employer, nonparty Brookdale Hospital Medical Center (hereinafter Brookdale). The defendant Welcome Parking Limited Liability Company (hereinafter Welcome Parking) managed the parking garage pursuant to a management agreement that it had entered into with Brookdale. The plaintiff commenced this personal injury action against Amboy, Welcome Parking, and another defendant. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. The plaintiff appeals from so much of the order as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Welcome Parking.
" Liability for a dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property'" (Bartlett v City of New York, 169 AD3d 629, 630, quoting Donatien v Long Is. Coll. Hosp., 153 AD3d 600, 600-601). "In the absence of ownership, occupancy, control, or special use, a party generally cannot be held liable for injuries caused by the dangerous or defective condition of the property" (Bartlett v City of New York, 169 AD3d at 630 [internal quotation marks omitted]). Moreover, "[g]enerally, a contractual obligation, standing alone, is insufficient to give rise to tort liability in favor of a non-contracting third party" (Giannas v 100 3rd Ave. Corp., 166 AD3d 853, 856-857 [internal quotation marks omitted]; see Espinal v Melville Snow Contrs., Inc., 98 NY2d 136, 138; Hagan v City of New York, 166 AD3d 590, 591; Castillo v Port Auth. of N.Y. & N.J., 159 AD3d 792, 793). "However, there are three [*2]exceptions to this general rule: (1) where the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm or creates or exacerbates a hazardous condition; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Hagan v City of New York, 166 AD3d at 592; see Espinal v Melville Snow Contrs., Inc., 98 NY2d at 140; Castillo v Port Auth. of N.Y. & N.J., 159 AD3d at 793).
Here, Welcome Parking met its initial burden of demonstrating its prima facie entitlement to judgment as a matter of law. Welcome Parking established, prima facie, that it did not own, occupy, control, or make special use of the subject parking lot, and that it did not create the alleged dangerous condition (see Leibovici v Imperial Parking Mgmt. Corp., 139 AD3d 909, 910; Usman v Alexander's Rego Shopping Ctr., Inc., 11 AD3d 450, 451). Welcome Parking also established, prima facie, that it owed no duty of care to the plaintiff by virtue of the management agreement by establishing that the plaintiff was not a party to the management agreement (see Leibovici v Imperial Parking Mgmt. Corp., 139 AD3d at 910; Parrinello v Walt Whitman Mall, LLC, 139 AD3d 685, 687; Sperling v Wyckoff Hgts. Hosp., 129 AD3d 826, 827). Furthermore, Welcome Parking established, prima facie, that the management agreement was not so comprehensive and exclusive as to displace Brookdale's duty to maintain the premises safely (see Hagan v City of New York, 166 AD3d at 591; Sperling v Wyckoff Hgts. Hosp., 129 AD3d at 827). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Welcome Parking.
AUSTIN, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court