Pinto v Walt Whitman Mall, LLC (2019 NY Slip Op 06157)





Pinto v Walt Whitman Mall, LLC


2019 NY Slip Op 06157


Decided on August 21, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2017-02959
 (Index No. 63751/13)

[*1]Marie A. Pinto, plaintiff-appellant-respondent,
v
Walt Whitman Mall, LLC, et al., defendants third-party plaintiffs-respondents-appellants, E.W. Howell Co., LLC, defendant-respondent- appellant; Elite Floors, Inc., third-party defendant-respondent.


Sullivan Papain Block McGrath & Cannavo P.C., Garden City, NY (Christopher J. DelliCarpini of counsel), for plaintiff-appellant-respondent.
Polin, Prisco & Villafane (Mauro Lilling Naparty LLP, Woodbury, NY [Matthew W. Naparty and Anthony F. DeStefano], of counsel), for defendants third-party plaintiffs-respondents-appellants and defendant-respondent-appellant.
Gialleonardo, Frankini & Harms, Mineola, NY (Eric L. Cooper of counsel), for third-party defendant-respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants third-party plaintiffs, Walt Whitman Mall, LLC, and Simon Management Associates, LLC, and the defendant E.W. Howell Company, LLC, separately appeal, from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated February 16, 2017. The order, insofar as appealed from by the plaintiff, granted that branch of the motion of the defendant third-party defendant Elite Floors, Inc., and the separate motion of the defendant third-party plaintiffs, Walt Whitman Mall, LLC, and Simon Management Associates, LLC, and the defendant E.W. Howell Co., LLC, for summary judgment dismissing the complaint insofar as asserted against each of them. The order, insofar as appealed from by the defendants third-party plaintiffs, Walt Whitman Mall, LLC, and Simon Management Associates, LLC, and the defendant E.W. Howell Co., LLC, granted that branch of the motion of the defendant third-party defendant, Elite Floors, Inc., which was for summary judgment dismissing the third-party complaint and cross claims asserted against it.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants third-party plaintiffs, Walt Whitman Mall, LLC, Simon Management Associates, LLC, and the defendant E.W. Howell Company, LLC, which was for summary judgment dismissing the complaint insofar as asserted against them, and substituting therefor a provision denying that branch of their motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff, payable by the defendants third-party plaintiffs Walt Whitman Mall, LLC, and Simon Management Associates, LLC, and the defendant E.W. Howell Company, LLC, and one bill of costs to the defendant third-party defendant Elite [*2]Floors, Inc., payable by the plaintiff and the defendants third-party plaintiffs Walt Whitman Mall, LLC, and Simon Management Associates, LLC, and the defendant E.W. Howell Company, LLC, appearing separately and filing separate briefs.
The plaintiff commenced this action to recover damages for personal injuries allegedly sustained after she tripped and fell in an indoor shopping mall. The plaintiff allegedly tripped on a warped portion of a temporary floor covering, made of masonite, that had been laid over an area of the floor where self-leveling concrete had recently been poured.
The plaintiff commenced this action against (1) Walt Whitman Mall, LLC (hereinafter the Mall), the entity that allegedly owned the subject shopping mall; (2) Simon Management Associates, LLC (hereinafter Simon), the entity that allegedly managed the property; (3) E.W. Howell Company, LLC (hereinafter Howell), a contractor hired by the Mall to perform remodeling work at the Mall; and (4) Elite Floors, Inc. (hereinafter Elite), a subcontractor hired by Howell to install carpeting and self-leveling concrete within the shopping mall. Howell asserted cross claims against Elite for common-law indemnification and contribution. The Mall and Simon commenced a third-party action against Elite, asserting causes of action for common-law indemnification and contribution.
Elite moved for summary judgment dismissing the complaint insofar as asserted against it. Elite also sought summary judgment dismissing the third-party complaint and cross claims asserted against it. The plaintiff opposed Elite's motion. The Mall, Simon, and Howell (hereinafter collectively the Mall defendants) separately opposed Elite's motion.
The Mall defendants subsequently moved for summary judgment dismissing the complaint insofar as asserted against them, arguing, inter alia, that they neither created the injury-producing condition nor had actual or constructive notice of it. The plaintiff opposed the Mall defendants' motion.
The Supreme Court granted both Elite's motion and the Mall defendants' motion. The plaintiff appeals from so much of the order as directed dismissal of the complaint. The Mall defendants separately appeal from so much of the order as directed dismissal of the cross claims and third-party causes of action they asserted against Elite, for common-law indemnification and contribution.
"[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138). However, the Court of Appeals has recognized three exceptions to the general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (id. at 140 [citations and internal quotation marks omitted]).
Here, Elite established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it by demonstrating that it did not owe a duty of care to the plaintiff (see Leibovici v Imperial Parking Mgt. Corp., 139 AD3d 909, 910; Bryan v CLK-HP 225 Rabro, LLC, 136 AD3d 955, 956). Furthermore, Elite established, prima facie, that none of the Espinal exceptions were applicable to impose upon it a duty of care to the plaintiff (see Federico v Defoe Corp., 138 AD3d 682, 684). Contrary to the plaintiff's contention, Elite established, prima facie, that the third Espinal exception was inapplicable. In support of its motion, Elite submitted, inter alia, excerpts of the subcontract it entered into with Howell which, among other things, gave Howell the right to perform any or all of the work contemplated by the subcontract, gave Simon the right to direct Elite to "suspend and properly protect any work that may be suject to damage," and required Elite to "conform to the safety requirements issued by [Howell]" (see Robles v Taconic Mgt. Co., LLC, 173 AD3d 1089; see also Santiago v KMart Corp., 158 AD3d 596, 596-597; Hutchings v Garrison Lifestyle Pierce Hill, LLC, 157 AD3d 1034, 1035-1036; Lehman v North Greenwich Landscaping, LLC, 65 AD3d 1291, 1292-1293). Accordingly, Elite [*3]established, prima facie, that the contract between Elite and Howell was not a "comprehesive and exclusive property maintenance obligation intended to displace [the property owner's duty] to safely maintain the premises" (George v Marshalls of MA, Inc., 61 AD3d 925, 928; see Roveccio v Ry Mgt. Co., Inc., 29 AD3d 562, 562-563; Hagen v Gilman Mgt. Corp., 4 AD3d 330, 331). In opposition to Elite's prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination granting that branch of Elite's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
Elite further established its prima facie entitlement to judgment as a matter of law dismissing the Mall defendants' common-law indemnification and contribution causes of action asserted against it. Elite demonstrated, prima facie, that the plaintiff's accident "was not due solely to its negligent performance or nonperformance of an act solely within its province" (Schultz v Bridgeport & Port Jefferson Steamboat Co., 68 AD3d 970, 972; see Del Vecchio v Danielle Assoc., LLC, 108 AD3d 583, 586; Proulx v Entergy Nuclear Indian Point 2, LLC, 98 AD3d 492, 493; Roach v AVR Realty Co., LLC, 41 AD3d 821, 824). In opposition, the Mall defendants failed to raise a triable issue of fact. Furthermore, in opposition to the prima facie showing by Elite that it was entitled to judgment as a matter of law dismissing the contribution claim, the Mall defendants failed to demonstrate either that Elite owed them a duty of care independent of its contractual obligations, or that Elite owed the plaintiff a duty of care (see Del Vecchio v Danielle Assoc., LLC, 108 AD3d at 586; Proulx v Entergy Nuclear Indian Point 2, LLC, 98 AD3d at 493; Schultz v Bridgeport & Port Jefferson Steamboat Co., 68 AD3d at 972; Roach v AVR Realty Co., LLC, 41 AD3d at 824). Accordingly, we agree with the Supreme Court's determination granting that branch of Elite's motion which was for summary judgment dismissing the third-party complaint and cross claims asserted against it.
However, we disagree with the Supreme Court's conclusion that Howell was entitled to summary judgment dismissing the complaint insofar as asserted against it. The Mall defendants failed to sustain their initial burden of demonstrating, prima facie, that the first Espinal exception was inapplicable to Howell. The Mall defendants' submissions failed to eliminate all triable issues of fact as to whether Howell launched a force or instrument of harm through the failure to exercise reasonable care when its employee laid the subject masonite over the area of the floor where the self-leveling concrete had been poured (see Espinal v Melville Snow Contrs., 98 NY2d at 140; Jackson v Conrad, 127 AD3d 816, 818-819; Batts v IBEX Constr., LLC, 112 AD3d 765, 767-768; Robles v Bruhns, 99 AD3d 980, 981-982; Anastasio v Berry Complex, LLC, 82 AD3d 808, 809). Since the Mall defendants failed to make a prima facie showing, the Supreme Court should have denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against Howell, without consideration of the sufficiency of the submissions in opposition (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
We further disagree with the Supreme Court's determination that the Mall defendants established the prima facie entitlement of the Mall and Simon to judgment as a matter of law dismissing the complaint insofar as asserted against them. The evidence proffered by the Mall defendants failed to demonstrate, prima facie, that the Mall and Simon lacked constructive notice of a hazardous condition on the premises. During an examination before trial, Simon's operations director was asked about his inspection tour of the mall on the morning of the plaintiff's fall. His repeated descriptions of what he "normally would" do and "probably would have" done are ambiguous as to whether he is describing a specific inspection, or merely describing general inspection policies and practices (see Herman v Lifeplex, LLC, 106 AD3d 1050, 1051). On a motion for summary judgment, these ambiguities must be resolved in favor of the nonmoving party (see Rizzo v Lincoln Diner Corp., 215 AD2d 546).
The parties' remaining contentions are either without merit or academic in light of the foregoing.
MASTRO, J.P., AUSTIN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court