Thayer v Community Servs. for the Mentally Retarded, Inc. (2020 NY Slip Op 03559)





Thayer v Community Servs. for the Mentally Retarded, Inc.


2020 NY Slip Op 03559


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-06536
 (Index No. 602305/15)

[*1]Adrienne Thayer, appellant, 
v
Community Services for the Mentally Retarded, Inc., et al., respondents, et al., defendant.


Kiley, Kiley & Kiley, PLLC, Great Neck, NY (James D. Kiley of counsel), for appellant.
Hardin, Kundla, McKeon & Poletto, P.A., New York, NY (Eric J. Koplowitz of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered April 11, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendants Community Services for the Mentally Retarded, Inc., and NYSARC, Inc., Nassau County Chapter which was for summary judgment dismissing the complaint insofar as asserted against the defendant NYSARC, Inc., Nassau County Chapter.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On the morning of January 26, 2015, the plaintiff, a teacher employed at a school operated by nonparty Brookville Center for Children's Services (hereinafter Brookville), allegedly sustained personal injuries when she slipped and fell on ice in the school's parking lot. The defendant Community Services for the Mentally Retarded, Inc. (hereinafter CSMR), is a real estate holding company that owned the subject school property, including the parking lot, and leased the property to Brookville. Pursuant to its contract with CSMR, Brookville was required to, inter alia, maintain the property in a reasonably safe condition, and to pay for snow removal. Brookville entered into an administrative services contract with the defendant NYSARC, Inc., Nassau County Chapter (hereinafter NYSARC), in which NYSARC was obligated to provide various administrative services, including human resources, payroll, and procuring contracts with various vendors to
perform services for Brookville. The defendant Woodbury Landscapes, Inc. (hereinafter Woodbury), was the vendor who performed snow removal and salt spraying services at the property.
The plaintiff commenced this action to recover damages against CSMR, NYSARC, and Woodbury. By order dated April 12, 2017, the Supreme Court granted Woodbury's motion for summary judgment dismissing the complaint insofar as asserted against it. Following the completion of discovery, the defendants CSMR and NYSARC (hereinafter together the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. The court granted that motion. The plaintiff appeals, as limited by her brief, from so much of the order as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against NYSARC.
"Generally, a contractual obligation, standing alone, is insufficient to give rise to tort liability in favor of a non-contracting third party" (Giannas v 100 3rd Ave. Corp., 166 AD3d 853, [*2]856-857 [internal quotation marks omitted]; see Espinal v Melville Snow Contrs., 98 NY2d 136, 138; Hagan v City of New York, 166 AD3d 590, 591; Castillo v Port Auth. of N.Y. & N.J., 159 AD3d 792, 793). "However, there are three exceptions to this general rule: (1) where the contracting party, in failing to exercise reasonable care in the performance of its duties, launches a force or instrument of harm or creates or exacerbates a hazardous condition; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties; and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Hagan v City of New York, 166 AD3d at 592; see Espinal v Melville Snow Contrs., 98 NY2d at 140; Castillo v Port Auth. of N.Y. & N.J., 159 AD3d at 793).
Here, the plaintiff alleges that NYSARC owed her a duty of care on the ground that it entirely displaced the duty of Brookville to maintain the property in a safe condition. NYSARC met its initial burden of demonstrating its prima facie entitlement to judgment as a matter of law through submission of, inter alia, its administrative services contract with Brookville, which did not include any provision requiring it to maintain the property in a safe condition. Although there was deposition testimony that NYSARC occasionally performed maintenance on the property at the specific request of Brookville, such services were not so comprehensive and exclusive as to entirely displace Brookville's duty to maintain the property in a safe condition (see Hagan v City of New York, 166 AD3d at 591; Sperling v Wyckoff Hgts. Hosp., 129 AD3d 826, 827; Rudloff v Woodland Pond Condominium Assn., 109 AD3d 810, 811-812; Roveccio v Ry Mgt. Co., Inc., 29 AD3d 562, 562-563).
In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against NYSARC.
In light of our determination, we need not reach the defendants' remaining contention.
MASTRO, J.P., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court