Asprou v Hellenic Orthodox Community of Astoria (2020 NY Slip Op 03758)





Asprou v Hellenic Orthodox Community of Astoria


2020 NY Slip Op 03758


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2018-13252
 (Index No. 704645/16)

[*1]Paris Asprou, respondent, 
v
Hellenic Orthodox Community of Astoria, et al., appellants.


Catalano Gallardo & Petropoulos, LLP, Jericho, NY (Gary Petropoulos and Ian L. Glick of counsel), for appellants.
Sacco & Fillas, LLP, Astoria, NY (James R. Baez of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered October 22, 2018. The order denied the defendants' motion for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, with costs.
On January 12, 2016, the plaintiff allegedly was injured when he slipped and fell on water leaking from the roof of the defendants' gymnasium while playing basketball. In April 2016, the plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the amended complaint, arguing that they did not create or have actual or constructive notice of the allegedly dangerous condition that caused the plaintiff's accident and that the plaintiff's action was barred by the doctrine of primary assumption of risk. The Supreme Court denied the defendants' motion, and the defendants appeal.
" A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the allegedly hazardous condition nor had actual or constructive notice of its existence'" (Griffin v PMV Realty, LLC, 181 AD3d 912, 912-913, quoting Steele v Samaritan Found., Inc., 176 AD3d 998, 999). "A party . . . who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific [recurrence] of that condition" (Pagan v New York City Hous. Auth., 172 AD3d 888, 889 [internal quotation marks omitted]). "A question of fact regarding a recurrent dangerous condition can be established by offering evidence that an ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed" (Mauge v Barrow St. Ale House, 70 AD3d 1016, 1017).
Here, the defendants satisfied their prima facie burden of establishing that they neither created the alleged hazardous condition nor had actual notice of it (see Griffin v PMV Realty, LLC, 181 AD3d at 913). In opposition, the plaintiff raised a triable issue of fact as to whether the defendants created the condition by negligently maintaining or repairing the roof (see Monaco v Hodosky, 127 AD3d 705, 707).
Additionally, the defendants failed to eliminate all triable issues of fact as to whether they had constructive notice of the alleged hazardous condition (see Griffin v PMV Realty, LLC, 181 AD3d at 913; Hanney v White Plains Galleria, LP, 157 AD3d 660). The defendants failed to submit evidence regarding specific cleaning or inspection of the area of the plaintiff's fall relative to the time when the accident occurred (see Butts v SJF, LLC, 171 AD3d 688, 689-690; Sartori v JP Morgan Chase Bank, N.A., 127 AD3d 1157). Moreover, there are triable issues of fact as to whether the defendants had actual knowledge of a recurring dangerous condition in the specific area of the basketball court where the plaintiff fell (see Edwards v Great Atl. & Pac. Tea Co., Inc., 71 AD3d 721; Mauge v Barrow St. Ale House, 70 AD3d at 1017; Lemonda v Sutton, 268 AD2d 383; cf. Pagan v New York City Hous. Auth., 172 AD3d 888; Toussaint v Ocean Ave. Apt. Assoc., LLC, 144 AD3d 664; McGee v New York City Hous. Auth., 122 AD3d 695). 
Although the Supreme Court did not decide the issue of whether the defendants established their entitlement to summary judgment dismissing the amended complaint under the doctrine of primary assumption of risk, the defendants may properly raise the issue as an alternative ground for reversal where, as here, the defendants moved for summary judgment on this ground, and the issue was fully argued by the parties in their motion papers (see Rodriguez v New York City Hous. Auth., 169 AD3d 947).
Under the doctrine of primary assumption of risk, "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484; see Custodi v Town of Amherst, 20 NY3d 83, 88; M.P. v Mineola Union Free Sch. Dist., 166 AD3d 953; Zachary G. v Young Israel of Woodmere, 95 AD3d 946, 946). "Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation" (Mamati v City of N.Y. Parks & Recreation, 123 AD3d 671, 672; see Morgan v State of New York, 90 NY2d at 484).
Assumption of risk is not an absolute defense but a measure of the defendant's duty of care (see Turcotte v Fell, 68 NY2d 432, 439; Franco v 1200 Master Assn., Inc., 177 AD3d 858). The defendant's duty is " to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, [the participant] has consented to them and defendant has performed its duty'" (Laurent v Town of Oyster Bay, 163 AD3d 544, 545, quoting Turcotte v Fell, 68 NY2d at 439; see Brown v City of New York, 69 AD3d 893, 893). "This includes risks associated with the construction of the playing surface and any open and obvious condition on it," including less than optimal conditions (Brown v Roosevelt Union Free Sch. Dist., 130 AD3d 852, 853-854; see Ziegelmeyer v United States Olympic Comm., 7 NY3d 893; Sykes v County of Erie, 94 NY2d 912; Simone v Doscas, 142 AD3d 494; Joseph v New York Racing Assn., 28 AD3d 105, 107). However, participants are not deemed to have assumed risks that are concealed or unreasonably increased over and above the usual dangers that are inherent in the sport (see Custodi v Town of Amherst, 20 NY3d at 88; Morgan v State of New York, 90 NY2d at 485; M.P. v Mineola Union Free School Dist., 166 AD3d at 954).
Here, the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law based upon the doctrine of primary assumption of risk. The hazardous condition of an interior gym floor wet from a leaking roof was not open and obvious, and created a risk beyond those inherent in the sport of basketball (see Morgan v State of New York, 90 NY2d at 488-489).
The parties' remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion for summary judgment dismissing the amended complaint.
CHAMBERS, J.P., MALTESE, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court